SOUTHWESTERN BELL TELEPHONE CO. *v.* OKLAHOMA ET AL.

No. 560. Argued February 7, 1938.—Decided February 28, 1938.

*Mr. Mac Q. Williamson,* Attorney General of Oklahoma, with whom *Messrs. J. B. A. Robertson* and *S. J. Gordon* were on the brief, for appellees.

*Mr Erwin W. Clausen,* with whom *Messrs. J. R. Spielman, C. M. Bracelen* and *John H. Cantrell* were on the brief, for appellant.

PER CURIAM.

Motion to dismiss, for the want of jurisdiction, an appeal from a determination of the Supreme Court of Oklahoma, made September 14, 1937, denying a "petition for rehearing in the nature of judicial review" after a decision affirming an order of the Corporation Commission of the State fixing rates for telephone service. The motion is upon the ground that the proceeding in the state court was legislative and was not a suit within the mean-

ing of § 237 of the Judicial Code (28 U. S. C. 344) governing our appellate jurisdiction.

The constitution of Oklahoma authorizes the Corporation Commission to prescribe rates "for transportation and transmission companies." Art. IX, § 18. Appellant, operating telephone lines, is a "transmission company." Art. IX, § 34. Appeals from the Commission may be taken only to the Supreme Court of the State. Art. IX, § 20. No court of the State, other than the Supreme Court by way of appeal, has jurisdiction "to review, reverse, correct, or annul" any action of the Commission within the scope of its authority, save that writs of mandamus and prohibition will lie from the Supreme Court to the Commission "in all cases where such writs, respectively, would lie to any inferior court or officer." *Id.* In case of appeal, no new or additional evidence may be introduced in the Supreme Court, but the Supreme Court has jurisdiction to consider and determine "the reasonableness and justness of the action of the Commission appealed from, as well as any other matter arising under such appeal." The action of the Commission is to be regarded "as *prima facie* just, reasonable, and correct," but the court may, when it deems necessary in the interests of justice, remand to the Commission any case pending on appeal "and require the same to be further investigated by the Commission, and reported upon to the court (together with a certificate of such additional evidence as may be tendered before the Commission by any party in interest), before the appeal is finally decided." Art. IX. § 22.

Section 23 of Article IX provides:

"Whenever the court, upon appeal, shall reverse an order of the Commission affecting the rates, charges, or the classifications of traffic of any transportation or transmission company, it shall, at the same time, substitute therefor such orders as, in its opinion, the Commission

should have made at the time of entering the order appealed from; otherwise the reversal order shall not be valid. Such substituted order shall have the same force and effect (and none other) as if it had been entered by the Commission at the time the original order appealed from was entered."

In the instant case, the Corporation Commission on March 18, 1935, after hearing, made its order fixing appellant's rates (Okla. Corp. Com. Rep., 1935, p. 558), and on appeal the Supreme Court of the State, on July 13, 1937, affirmed the order. 181 Okla. 246; 71 P. 2d 747.

Appellant concedes that this decision was legislative in character, in view of the authority conferred by the above-quoted provision of § 23 of Article IX and its construction by the state court. See *Pioneer Telephone & Telegraph Co.* v. *State,* 40 Okla. 417, 425, 426; 138 Pac. 1033; *Swain* v. *Oklahoma Railway Co.,* 168 Okla. 133, 134–136; 32 P. 2d. 51; *Oklahoma Cotton Ginners' Assn.* v. *State,* 174 Okla. 243, 248, 251; 51 P. 2d 327. Compare *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, 226, 227; *Oklahoma Natural Gas Co.* v. *Russell,* 261 U. S. 290, 291. But appellant contends that the Supreme Court of the State "completed its legislative review and function by the filing of its opinion of July 13, 1937," and that appellant was then free to invoke the jurisdiction of the court to exercise its judicial power and function by an application for "a judicial review." This, appellant states, was the purpose of its petition for rehearing.

In support of that petition, appellant urged upon the Supreme Court of the State the consideration of the provisions of the state constitution with respect to the vesting of judicial power and the appellate jurisdiction of the court (Art. VII, §§ 1 and 2); of the bill of rights guaranteeing a judicial remedy for every injury (Art. II, § 6); of § 22 of Article IX providing that, on appeals to the

Supreme Court from the Corporation Commission, that court should have jurisdiction to determine "the reasonableness and justness" of the action of the Commission "as well as any other matter" arising on the appeal; and of § 34 of Article IX that the provisions of that Article should "always be so restricted in their application as not to conflict with any of the provisions of the Constitution of the United States, and as if the necessary limitations upon their interpretation had been herein expressed in each case." In concluding the submission of its petition for rehearing appellant insisted that the Supreme Court of the State "not only has the power, right, jurisdiction and authority, now to review this case judicially, which right, power, jurisdiction and authority it has not heretofore possessed, but that it is the duty of this court to do so at this stage of the proceeding, in order that appellant may have the legislative order or enactment fixing its rates for future application at Tulsa reviewed by an appropriate federal court with the least possible delay and cost, if such should later be found necessary, resulting from an adverse decision by this [the state] court."

The ruling of the state court was expressed in the following journal entry:

"Now on this 14th day of September 1937, the Court having considered appellant's Petition for Rehearing in the Nature of Judicial Review, doth overrule and deny same, to which appellant is allowed exception."

At appellant's request, the state court granted supersedeas and stayed its mandate pending appellant's application for the allowance of an appeal to this Court and the determination of the appeal if taken. An appeal was then allowed by the Chief Justice of the state court and the case is thus brought here.

The Attorney General of the State, moving to dismiss the appeal, insists that appellant's contention that the

action of the state court in denying the petition for rehearing "was a judicial review, is wholly erroneous"; that the appeal is "from a purely legislative consideration of the questions involved." The substance of the Attorney General's argument is shown in the following statement:

"This Petition for Rehearing . . . was not sufficient to confer, upon the Supreme Court of Oklahoma, jurisdiction and power to treat the record then before it as a new cause involving a judicial review, and no record was before said court warranting said court to treat same as a judicial appeal, nor was the said record, nor its contents, treated as such by appellant, nor the court, and no judicial issues were raised in said legislative review. It is not the rule to permit the character of controversies to be completely changed, either in form or substance, after the opinion of a court has been handed down, and this is especially true when the same is sought to be accomplished, for the first time by a so-called petition for rehearing in which the only subject mentioned was the request for a judicial review for the first time in the history of the case."

The Attorney General, however, does not concede that the State of Oklahoma "does not furnish an adequate judicial review of questions such as are involved in this proposed appeal." On the contrary, "the State asserts that appellant has, and has had, an adequate method of relief." When pressed upon the argument at bar to state what judicial remedy was open to appellant under the state constitution, the Attorney General referred to the power conferred upon the Supreme Court by the proviso in § 20 of Article IX to issue writs of mandamus and prohibition to the Commission. No decision of the state court as to the questions which would be open upon an application for such a writ has been brought to our attention.

Appellant states that the question now presented is one of first impression; that the action of the state court

in this case "constitutes the first construing of this [the present] procedure which that court has ever made. There are no specific precedents."

The novelty of the procedure, and the lack of exposition in the brief ruling, leave us in doubt as to the true import of the denial of the petition for rehearing. In view of the serious questions which would be raised if it were determined that the State provides no means of obtaining a judicial review of an order of the Commission fixing rates, alleged to be confiscatory, in the case of a transportation or transmission company, we should not reach such a conclusion in the absence of a definite decision by the state court to that effect. Neither party before us advances a contention that there is such a lack of judicial remedy. Appellant says that judicial review is available through the procedure appellant has chosen and that the denial of its petition for rehearing was judicial action. The Attorney General asserts the contrary, contending that judicial remedy exists but must be sought in another manner. But— assuming that the State affords a judicial remedy— whether the state court has denied appellant's petition because an application for rehearing after what is conceded by both parties to be a legislative determination was not the proper way under the state practice to invoke the judicial power, or has entertained the application and by its ruling has passed upon the controversy in a judicial capacity, we have no means of knowing.

We have repeatedly held that it is essential to the jurisdiction of this Court in reviewing a decision of a court of a State that it must appear affirmatively from the record, not only that a federal question was presented for decision to the highest court of the State having jurisdiction but that its decision of the federal question was necessary to the determination of the cause; that the federal question was actually decided or that the

judgment as rendered could not have been given without deciding it. *De Saussure* v. *Gaillard,* 127 U. S. 216, 234; *Johnson* v. *Risk,* 137 U. S. 300, 306, 307; *Wood Mowing & Reaping Machine Co.* v. *Skinner,* 139 U. S. 293, 295, 297; *Whitney* v. *California,* 274 U. S. 357, 360, 361; *Lynch* v. *New York,* 293 U. S. 52, 54.

Applying this rule, the motion to dismiss must be granted.

*Dismissed.*

MR. JUSTICE CARDOZO took no part in the consideration and decision of this case.