## IN THE MATTER OF THE APPLICATION OF PAULO (PAUL) CARUSO FOR WRIT OF HABEAS CORPUS.

Argued December 6, 1943—Decided May 9, 1944.

Before Justice PORTER.

For the petitioner, *Peter P. Walsh, Jr.*

For the state, *John J. Breslin, Jr.,* Prosecutor of the Pleas (*William B. Mehler,* Assistant Prosecutor of the Pleas. of counsel).

The opinion of the court was delivered by

PORTER, J. Paulo (Paul) Caruso was indicted by the Bergen County grand jury at the December, 1941, term on two counts. The first count charged him with the crime of assault with intent to rob on April 5th, 1941. The second count' charged that he had been convicted on three separate occasions prior to. April 5th, 1941, of high misdemeanors. Each of such crimes and the dates of conviction were specified, and it was further alleged as a fact that he was an habitual criminal. He entered a plea of not guilty to the indictment, was tried in the Bergen County Court of Quarter Sessions on February 24th, 1942, and was convicted by the verdict of a petit jury on both counts. He was thereupon sentenced to imprisonment for the term of his natural life. It also appears that Caruso had been indicted by the Bergen County grand jury at the September term, 1941, for the crime of robbery, assault and the carrying of a concealed weapon; that he entered a plea of not guilty, was tried in the Bergen County Court of Quarter Sessions and was convicted of robbery on January 5th, 1942. He was sentenced on January 16th, 1942, to life imprisonment. This indictment did not charge multiple offenses, but the sentence apparently was based on the fact that this was a fourth offense. No writs of error were sued out to test the legality of either of these convictions. Caruso petitioned this court on November 30th, 1943, for the issuance of a writ of *habeas corpus,* which petition was granted and a writ allowed. It is well settled that a writ of *habeas corpus* may not be used to review the legality of a conviction in lieu of a writ of error. *In re Rose,* 122 *N. J. L.* 507; *In re Davis,* 107 *N. J. Eq.* 160: *In re Tremper,* 126 *Id.* 276. We may not therefore review the legality of either of these convictions on this writ of *habeas corpus* and do not pass upon the points raised on this petition attacking the legality of the proceedings. That may only be done on writ of error.

However, the point is made that the statute known as the Habitual Criminal Act, *R. S.* 2:103–10, as amended by *Pamph. L.* 1940, *p.* 889, under which Caruso was sentenced to life imprisonment, is void because in violation of the state

and federal constitutions. If that be so, the trial court was without jurisdiction to impose a sentence prescribed, because the statute would be void, and such a sentence would be without lawful authority and of no effect. A judgment of conviction based upon an unconstitutional statute may be impeached and attacked collaterally in *habeas corpus* proceedings. *In re Rose, supra*. But we conclude that the point is without merit. The validity of this statute is the only question properly raised by these proceedings, and the answer to that question is dispositive of the matter. This statute vests discretionary power in the trial court to impose life sentence on an habitual criminal, which is defined as any one convicted of a fourth high misdemeanor and where the accused has been sentenced on each of the first three counts to the state prison and has served the sentences or a part thereof. The argument is that the statute violates article I, paragraph 1, article I, paragraph 8 and article I, paragraph 9 of the state constitution in that the statute violates the rights of the petitioner in the enjoyment of his liberty unless, when accused of crime, he be informed of the nature and cause of the accusation by presentment or indictment of a grand jury. It is further argued that the statute violates section I of the Fourteenth Amendment to the federal constitution because it infringes his right to due process of law. The second life sentence imposed on the petitioner on February 24th, 1942, clearly is the one under which he is confined. It followed a conviction on both counts of the indictment. As stated, the first count charged the crime of assault with intent to rob, and the second count charged petitioner to be an habitual criminal, specifying that on three separate occasions prior to the offense charged in the first count he had been convicted of variously described high misdemeanors. The record showed that he was convicted on both counts. If there were trial errors which rendered the conviction illegal for any reason, such error should have been reviewed by a timely writ of error, and we may not now open the case for such review on these proceedings.

We do not perceive that any of the petitioner's constitutional rights have been violated. There was due process of law. He was fully apprised of the offenses for which he was

charged in each count of the indictment. He had ample opportunity to meet those charges at the trial. Our attention has not been called to any decision in this state reviewing the constitutionality of this statute. A leading case of a sister state, however, did uphold the constitutionality of a similar statute. *People* v. *Gowasky,* 244 *N. Y.* 451. In that case the Court of Appeals held that increasing the punishment for second and third convictions and life imprisonment for a fourth felony, as provided in the so-called Baumes Act there under review, was not unconstitutional. The court observed that such statutes were not new and that the practice was a century old and had been approved by the courts of many jurisdictions. We think that decision is in point, and for the reasons and citations therein contained we conclude that the statute under review is valid and the imprisonment of petitioner lawful.

The writ will be discharged.