This matter came before me for final hearing on two writs ofhabeas corpus. The sole question to be determined is whether the Hudson County Court of Quarter Sessions had jurisdiction at the time it acted to put into operation the sentences of imprisonment that were previously imposed upon the petitioners by a former judge. *Page 365 
The petitioners contend that the aforementioned tribunal had no jurisdiction to act. If this contention is correct, ample authority may be found for the use of this writ in the following cases: State v. Gray, 37 N.J. Law 368; State v. Addy,43 N.J. Law 113; State v. Osborne, 79 N.J. Eq. 430, and In reDavis, 107 N.J. Eq. 160.
It appears that on September 29th, 1942, two indictments for conspiracy were returned against the petitioners and others. On October 19th, 1942, the petitioners pleaded guilty to the charges set forth in the indictments before Judge Brown of the Hudson County Court of Quarter Sessions. Judge Brown imposed sentences upon the petitioners on December 3d 1942. The minutes of the court respecting the imposition of the said sentences read as follows:
(Indictment No. 12)
"Dec. 3, 1942 Defendants, Baer, Sam Frank, Herman Frank and Eichenlaub, being placed to the bar, they are sentenced to the County Jail Farm for one (1) year with costs, operation of jail sentence is suspended on all four (4) defendants, no costs and sentence is suspended on defendant, Bayonne Motors Co., a corporation, no costs.
Judge Brown."
(Indictment No. 13)
"Dec. 3, 1942 Defendants, Baer, Sam Frank, Herman Frank and Eichenlaub, being placed to the bar, they are sentenced to County Jail Farm for one (1) year with costs, sentence on all four (4) is concurrent with that imposed on Ind. 12 Sept. Term, 1942, operation of jail sentence is suspended on all (4), no costs, and sentence is suspended on defendant Bayonne Motors Co., a corporation, no costs.
Judge Brown."
On April 8th, 1946, the Acting Prosecutor of the Pleas of Hudson County appeared before Judge Paul J. Duffy, then a judge of said court, and moved to correct the minutes of the said court of December 3d 1942. After hearing testimony, Judge Duffy ordered that the minutes be corrected to read as follows:
(Indictment No. 12)
"December 3, 1942. Defendants, Samuel Baer, Sam Frank, Herman Frank and Adolph Eichenlaub being placed to the bar they are sentenced to the Hudson County Penitentiary for a term of one year with costs, operation of the jail sentence is postponed on all four defendants, no costs." *Page 366 
(Indictment No. 13)
"December 3, 1942, Defendants, Samuel Baer, Sam Frank, Herman Frank, and Adolph Eichenlaub being placed to the bar they are sentenced to the Hudson County Penitentiary for a term of one year with costs. Sentence on all four defendants is concurrent with that imposed on Indictment No. 12 September Term 1942. Operation of jail sentence is postponed on all four defendants, no costs."
Thereupon the minutes were so corrected.
On April 10th, 1946, counsel for petitioners moved to restore the minutes to their original wording. The judge postponed his decision on the motion until April 15th, 1946, at which time the motion was again made and then denied.
On that day the acting prosecutor of the pleas moved the court to put into operation the penitentiary sentences imposed upon the petitioners in accordance with the corrected minutes. Testimony was taken on this motion at the time it was made and again on April 18th, 1946. The court deferred further action until after the trials of the petitioners' co-defendants.
The trials of the petitioners' co-defendants resulted in directed verdicts of not guilty. On April 30th, 1946, the court resumed hearing on the motion to put into execution the penitentiary sentences. The court thereupon granted the motion. Three of the petitioners, Samuel Baer, Herman Frank and Adolph Eichenlaub, were called to the bar and the sentences theretofore imposed upon them (on December 3d 1942, as corrected in the minutes on April 8th, 1946) were ordered put into operation. The petitioner, Sam Frank, was not present at the time. He, however, appeared before the court on May 9th, 1946, at which time his sentence also was put into operation.
I allowed a writ of habeas corpus on May 3d 1946, upon the petition of Samuel Baer, Herman Frank and Adolph Eichenlaub and, on May 11th, 1946, I allowed the writ to Sam Frank upon his petition.
These petitioners were prospective witnesses for the state in the trials of their co-defendants which co-defendants are referred to in the prosecutor's brief as "major defendants." At the trials of the co-defendants, three of the petitioners recanted *Page 367 
the sworn statements which they had previously made. The fourth petitioner, Sam Frank, failed to answer the subpoena and was subsequently found guilty of contempt of court. The prosecutor of the pleas learned that the petitioners would recant their sworn statements and thereupon he initiated the proceedings to put into execution the penitentiary sentences.
The nub of the controversy concerns the right of the Judge of the Court of Quarter Sessions to change the official records of the court which read "sentence suspended," after it had stood on the record as such for three years and four months, to read "sentence postponed" and then put into operation the penitentiary sentences previously imposed.
The petitioners urge a number of reasons to support their right to the writ, all of which, as I have above stated, go to the jurisdiction of the court to change the record under the aforesaid circumstances. The petitioners were, in fact, sentenced and, according to the original minutes, the operation of the sentence was suspended.
It is conceded that the Court of Quarter Sessions had jurisdiction of the offense for which the petitioners were indicted and that it had jurisdiction over their persons at the time the original sentence was imposed. The perplexing problem presented for solution is whether or not the court had jurisdiction over the petitioners at the time the minutes were changed and could then legally order the execution of the original sentence of imprisonment.
Our courts of criminal jurisdiction have power to suspend indefinitely the imposition of sentence and this court has so held. State v. Osborne, supra. Whether the criminal courts may indefinitely suspend, and later enforce, the operation or execution of a definite sentence which has been imposed may be open to argument. I find no case in which our courts have directly passed upon this precise question. I am constrained, nevertheless, to give great weight to those cases which intimate that criminal courts in this state have the right to suspend the operation of a definite sentence and later, in proper circumstances, to require its execution.
In the case of Clifford v. Heller, 63 N.J. Law 105, 116,
Mr. Justice VanSyckel said that at common law every court *Page 368 
which had the power to award execution had the power to grant a reprieve and that this reprieve "was simply a suspension of the sentence."
In the case of State v. Clifford, 84 N.J. Law 595, 597, Mr. Justice Minturn considered this very question and, by way ofdictum, said that a sentence previously imposed, the operation of which had been suspended, could later be ordered into execution, even after the time fixed therein had expired.
In the case of State v. Osborne, 79 N.J. Eq. 430, 444,
Vice-Chancellor Garrison said:
"Considerations of public policy may often properly induce a court to hold off inflicting punishment for such a time as that course seems discreet to the court. The power would seem to be analogous to the immunity that courts, in their discretion, may give an accomplice to aid the prosecution. State v. Graham
(Supreme Court, 1879), 41 N.J. Law (12 Vr.) 15; and is similarly exercised where one equally guilty has pleaded guilty or non vult, and has aided the state in the trial of the other concerned in the commission of the crime."
I have, therefore, reached the conclusion that a guilty defendant in a criminal proceeding, the operation or execution of whose sentence has been held in abeyance, may later be required to carry out such sentence.
I am of the opinion that the order of the Court of Quarter Sessions correcting the minutes to read "postponed" rather than "suspended" was a change of form and not a change of substance. Even if the record had not been changed, I am of the opinion that the court, nevertheless, had the power on April 30th, 1946, and on May 9th, 1946, to bring the petitioners before it and order their confinement for the period specified in the original sentence. State v. Osborne, supra. The original sentence or no part thereof had been executed or carried out at the time the motion was granted to put the sentences into execution.
I shall advise an order remanding the petitioners to the custody of the sheriff. *Page 369