In the matter of the application of SAMUEL BAER, HERMAN FRANK and ADOLPH EICHENLAUB for a writ of *habeas corpus*.

In the matter of the application of SAM FRANK for a writ of *habeas corpus*.

[Submitted May term, 1947.   Decided October 21st, 1947.]

*Mr. Maurice M. Krivit* (*Mr. William Reger* and *Abraham J. Slurzberg,* of counsel), for the petitioners-appellants.

*Mr. Horace K. Roberson,* Prosecutor of the Pleas; *Mr. Simon L. Fisch,* Deputy Attorney-General, and *Mr. William P. Gannon,* Assistant Prosecutor, for the State.

The opinion of the court was delivered by

FREUND, J.

The appellants, Samuel Baer, Herman Frank, Adolph Eichenlaub and Sam Frank, appeal from an order of the Court of Chancery discharging two writs of *habeas corpus* and remanding the appellants into the custody of the sheriff of Hudson County.

On September 2d, 1942, the appellants and others were charged on two indictments with conspiracy arising out of the sale of certain automobiles. Shortly thereafter, these appellants pleaded guilty to the said indictments and on December 3d, 1942, were sentenced on indictment No. 12 "to the County Jail Farm for one year with costs, operation of the jail sentence is suspended on all four defendants" and a similar sentence was imposed on indictment No. 13, to run concurrently with the sentence on indictment No. 12. On application of the acting prosecutor, the sentencing court entered an order on April 8th, 1946, correcting the court minutes so that the minutes as corrected read the same as the original sentences, except that the word "postponed" was substituted in place of the word "suspended." With the court minutes so corrected or amended, the court on motion of the acting prosecutor put into operation the jail sentences originally imposed upon appellants.

The application to substitute the word "postponed" in place of the word "suspended" and to put into execution the jail sentences as to these four appellants was prompted by the fact that, in April, 1946, at the trial of the appellants' co-defendants, three of the appellants who were prospective witnesses for the state, recanted their sworn statements which they had previously made to the acting prosecutor. The fourth appellant, Sam Frank, failed to appear when subpœnaed as a witness and subsequently was found guilty of contempt. At the trial of the appellants' co-defendants, a motion for a directed verdict of "not guilty" was granted, obviously as the result of the appellants' failure to testify against their co-defendants in accordance with their sworn statements previously given to the prosecutor's office.

The appellants present for our determination the sole question, whether the Hudson County Court of Quarter Sessions had jurisdiction at the time it put into operation or execution the jail sentences previously imposed upon the appellants.

The appellants admit "the lawfulness of the conviction and the sentences imposed on December 3d, 1942." The challenge is made as to "whether the trial court had jurisdiction, power and authority to enter the order of April 8th, 1946, correcting the records of their sentences and the orders of May 3d and 11th, 1946, ordering their commitment to jail." We agree with the trial court that it had the right and authority, in the exercise of its discretion and in consideration of public policy, to correct or amend its minutes, even though it was three years and four months after the original sentence. The appellants' co-defendants were brought to trial three years and four months after the imposition of the original sentence on the appellants and, when the motion for a directed verdict of "not guilty" was granted as to appellants' co-defendants, it was then a reasonable and appropriate time for the trial court to correct its minutes and to put into execution the jail sentences originally imposed upon the appellants.

There is no doubt that, at common law, courts of criminal jurisdiction had the power to and did suspend sentences. The weight of authority and our courts recognize the inherent power of the courts to suspend sentences temporarily, or for a reasonable length of time. *State* v. *Osborne, 79 N. J. Eq. 430; State* v. *Bongiorno, 96 N. J. Law 318.*

The appellants knew or should have known why the operation of the jail term was suspended and that the jail term was not suspended indefinitely. The jail sentence being suspended, "the court has the power, if the defendant does not object thereto, and therefore is assumed to assent thereto, to refrain from pronouncing a judgment or sentence, and may, at a subsequent time, hale the defendant before it, and impose the punishment in the same manner that it would have been justified in pronouncing it upon the very day when the case was ripe for sentence." *State* v. *Osborne, 79 N. J. Eq. 430* (at *p. 443*). When a sentence is suspended, the sentence is

not a final determination nor does it operate as a discharge of the guilty party; it merely suspends the operation or execution of the sentence; it is a suspension of the active proceedings. *State* v. *Addy, 43 N. J. Law 113* (at *p. 114*); *State* v. *Gehrmann, 84 N. J. Law 162*. The phrase "suspended sentence" means delaying the pronouncement of sentence, and not, a stay of execution. *State* v. *Bongiorno, supra; State* v. *Mungioli, 131 N. J. Law 52; In re Hardman, 131 N. J. Law 257*.

The prosecutor argues that the writ of *habeas corpus* was not available to the appellants because the Hudson County Court of Quarter Sessions was a competent tribunal to correct or amend the records referred to and that appellants had an adequate remedy to review the judgment by appeal or writ of error. *In re Davis, 107 N. J. Eq. 160; In re Tremper, 126 N. J. Eq. 276;* affirmed in *129 N. J. Eq. 274*. Appellants, however, argue that the time for appeal had expired when the court corrected the record and that, therefore, *habeas corpus* was the only remedy of review available to them. The statutes offered an appeal from the order of the court below. *R. S. 2:195-3, 4, 5.* Whether an appeal was taken or whether the time for the taking of an appeal had expired are not issues before us for decision.

We have concluded that the order appealed from should be affirmed for the reasons herein stated but it is not to be inferred from the consideration we have given to the issues raised that the writ of *habeas corpus* was an available or proper remedy. For the purposes of this cause and the main issues involved, our decision on that point is unnecessary.

The order appealed from will be affirmed.

*For affirmance*—The Chief-Justice, Bodine, Donges, Heher, Colie, Burling, Wells, Dill, Freund, McLean, JJ. 10.

*For reversal*—Wachenfeld, Eastwood, McGeehan, Schettino, JJ. 4.