

**Ex parte BAER et al.**

**Civ. A. No. 11087.**

District Court, D. New Jersey.

March 11, 1948.

As Amended March 16, 1948.

Crummy & Consodine and William Consodine, all of Newark, N. J., for petitioners.

296

Horace K. Roberson, of Bayonne, N. J., and William P. Gannon, and Thomas F. Meehan, both of Jersey City, N. J., for Warden of Penitentiary of Hudson County and for Daniel T. O'Regan, County Council.

FAKE, District Judge.

The issues here arise in a habeas corpus proceeding. The writ was allowed. The petitioners were brought before the Court. Evidence was adduced. Oral arguments were heard and written briefs were filed. It is now the duty of the court either to sustain or quash the writ.

At the September Term of the Hudson County Grand Jury, in the year 1942, a conspiracy indictment was handed down, charging these four petitioners with having bribed three public officials of the City of Bayonne in the purchase of certain motor equipment. Shortly thereafter these petitioners, fully protected by the advice of counsel, entered pleas of guilty to said indictment and made voluntary sworn statements, in writing, tending to incriminate the public officials, whereupon the then presiding County Judge sentenced each of these petitioners to imprisonment for one year and suspended the operation of the sentences. The three officials entered pleas of not guilty, and things remained in this posture until April, 1946, when two of the officials were brought before the court for trial. It then appeared that the statements made by petitioners had disappeared from the files and these petitioners, when called as witnesses, recanted, refusing to testify in conformity with their prior statements. Whereupon, the then presiding judge was compelled to direct a verdict freeing the public officials. Shortly thereafter these petitioners were brought before the Court. The suspensions of their sentences were revoked and they were incarcerated to serve the year originally imposed upon them. It is noted in this connection that these petitioners were then, upwards of three years after the date of their original sentence, called on to serve time. This, and other factors appearing on the face of the record before me, raised questions as to the validity of their incarceration. All the problems thus raised, however, were cognizable in the State Courts under the law of the State and could have been adjudicated in the State Supreme Court. No appeals or writs of error were resorted to by them, however. Rather, they chose to and did sue out a writ of habeas corpus in the New Jersey Court of Chancery. In that proceeding the Vice Chancellor wrote an opinion quashing the writ, 139 N.J.Eq. 364, 51 A.2d 203. An appeal was then taken to the Court of Errors and Appeals, the Court of last resort in the State. That court handed down an opinion sustaining the Vice Chancellor, 140 N.J.Eq. 571, 55 A.2d 248.

At the time when the writ of habeas corpus was applied for in this court, time limitations had run against these petitioners and all avenues of appeals to higher courts were closed to them.

Nothing else appearing, this court would quash the pending writ for failure to pursue the remedies available in the State Courts, and for failure to apply to the United States Supreme Court by way of certiorari from the opinion of the Court of Errors and Appeals: Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Pelley v. Colpoys, 73 App.D.C. 395, 122 F.2d 12; Gordon v. Scudder, 9 Cir., 163 F.2d 518; Commonwealth v. Burke, D. C., 74 F.Supp. 846.

However, counsel for petitioners relies on certain language used by the United States Supreme Court in White v. Ragen, 324 U.S. 760, at page 765, 65 S.Ct. 978, 89 L.Ed. 1348, which has caused me to proceed more cautiously. It appears in that case that if the remedy of habeas corpus is not available under the practice in the State courts, the Supreme Court of the United States would not preclude a District Court from inquiring into federal questions that might be raised. Such an argument is of no avail in this court, since, here in New Jersey as is evidenced by the time honored practice in this state, and as well by the record of the proceedings before the Vice Chancellor and the Court of Errors and Appeals, which is in evidence here, this condition does not exist.

But counsel argues further that if the decision of the State Court "is based upon some other adequate non-federal ground," there is no duty or requirement devolving upon a petitioner to seek relief from the United States Supreme Court, since that Court "would lack jurisdiction to review the decision of the State Court."

This requires a consideration of the opinion of the Court of Errors and Appeals above mentioned, to wit: Ex parte Baer, et al., 140 N.J.Eq. 571, 55 A.2d 248, 249. Did the court there dispose of the issues solely upon a non-federal ground? The opinion says inter alia: "The appellants present for our determination the sole question, whether the Hudson County Court of Quarter Sessions had jurisdiction at the time it put into operation or execution the jail sentences previously imposed upon the appellants," and then toward the close of the opinion the Court says further: " * * * it is not to be inferred from the consideration we have given to the issues raised that the writ of habeas corpus was an available or proper remedy." It is argued from these quotations that the issues were all disposed of on the non-federal ground of local jurisdiction, and therefore the writ of habeas corpus should be entertained in this Court.

An examination of the record before the Court of Errors and Appeals discloses that the federal questions, which are raised here, were each raised in that court. The briefs before that court are replete with arguments bearing upon the Fourteenth Amendment and due process of law, and aside from the above quoted language, the opinion of the court actually does deal with these issues and disposes of them with completeness.

It is well known, in legal circles, that much confusion has always existed in the sphere of the common law prerogative writs, and all too often it has occurred that litigants have gone up on the wrong writ. So here it is apparent that the State Court felt the issues would more properly be before it on a writ of error or some other writ, and therefore, that court expresses its reluctance to have a precedent established in conflict with the old rule prohibiting the use of habeas corpus as an appeal. Such niceties will be a thing of the past under the new State Constitution, wherein all prerogative writs are superseded. N.J.S.A.Const.1947, art. 5, par. 4.

While it is true the court does say the appellants present a sole question of jurisdiction, that is not to say that the court was without authority and could not or would not consider all the other issues which were raised, as in fact it did. The court drove right through the confusion of writs and in doing so rendered full justice. It cannot be said that all the paragraphs of the opinion, dealing with the merits, are mere obiter. Nor did the court so intend. The opinion itself says: "We have concluded that the order appealed from should be affirmed for the reasons herein stated * * *," and that includes all the issues attempted to be raised here.

An order will be entered quashing the writ.