**Application of BAER et al.**

**No. 9657.**

Circuit Court of Appeals Third Circuit.

Argued June 10, 1948.

Decided Aug. 16, 1948.

Before BIGGS, GOODRICH, and KA-LODNER, Circuit Judges.

KALODNER, Circuit Judge.

The petitioners are in the custody of the State of New Jersey pursuant to commitments issuing out of the Hudson County Court of Quarter Sessions. They sought a writ of habeas corpus in the Court of Chancery of New Jersey, were accorded a hearing, and the writ was denied. 1947, 139 N.J.Eq. 364, 51 A.2d 203. On appeal to the Court of Errors and Appeals, that decision was affirmed. 1947, 140 N.J.Eq. 571, 55 A.2d 248. They then filed a joint petition for writ of habeas corpus in the court below. Upon the response of their custodian to a rule to show cause, the writ was issued and a hearing had at which evidence was adduced. The writ was then ordered quashed. D.C., 76 F.Supp. 295. From that order this appeal was taken.

The allegations of the petition filed in this proceeding are substantially the same as those of the petition heard by the New Jersey courts. There is no serious dispute as to what the facts are, and those facts are fully reported in the three decisions cited above. It is sufficient at this time to note that the federal reason for the petition is, and was, the charge that the Hudson County Court of Quarter Sessions abridged the rights of the petitioners guaranteed by the due process clause of the Fourteenth Amendment to the federal constitution in that it put into operation prison sentences which had been imposed some three years and four months earlier, after authorizing a change in the Minutes of the Court made at the time the sentences were first imposed.[1] It is asserted that under the circumstances the Hudson County Court was without jurisdiction to act.

There is, however, a preliminary question as to whether the petition ought pres-

William A. Consodine, of Newark, N. J., for petitioners.

William P. Gannon, of Jersey City, N. J. (Horace K. Roberson, of Jersey City, N. J., on the brief), for respondent.

---

[1] On October 19, 1942, petitioners pleaded guilty to two indictments, Nos. 12 and 13, charging them, and others, with conspiracy. On December 3, 1942, they were sentenced. The Minutes made by the Clerk noted that they were sentenced to one year imprisonment on each indictment, sentences to run concurrently, and operation thereof suspended. On April 8, 1946, when the indictments against their co-indictees were moved for trial, the State also moved to correct the Minutes to show that the sentences were "postponed" rather than "suspended". The petitioners, except one, were present when the Court heard the testimony of the official stenographer and the Clerk who were in attendance at the time sen-

ently to be entertained in the federal courts. On this score, the learned District Judge was of the view that the petitioners had obtained a decision on the merits in the New Jersey courts and were not entitled to relief because they had not exhausted their state remedies, having failed to apply to the United States Supreme Court for writ of certiorari following the decision of the highest court of the State of New Jersey.

As stated, there is no dispute that the federal question raised in this proceeding was also raised and pressed in the proceedings in New Jersey. The petitioners contend, nevertheless, that the decision of the New Jersey Court of Errors and Appeals· was based on a state ground, and that the federal ground was not passed upon. Accordingly, under the holding of White v. Ragen, 1945, 324 U.S. 760, 65 S. Ct. 978, 89 L.Ed. 1348, it is urged that the court below erred in quashing the writ. The portion of that decision relied on here declares, 324 U.S. at page 765, 65 S.Ct. at page 981:

"* * * where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies, since we would lack jurisdiction to review the decision of the state court; and the denial of certiorari by this Court would not preclude a District Court from inquiring into the federal question presented to, but not considered by, the state court."

■ The test, however, is not whether the state court established its decision on a state ground, but rather whether the state ground was *adequate*. To put it another way, the Supreme Court will not ordinarily grant certiorari whenever the basis of the state court's decision makes consideration of the asserted federal question unnecessary. Thus, in Williams v. · Kaiser, 1945, 323 U.S. 471, at page 477, 65 S.Ct. 363, at page 367, 89 L.Ed. 398, it was said:

"It is suggested, moreover, that for all we know the denial of the petition by the Supreme Court of Missouri rested on adequate state grounds. It is a well established principle of this Court that before we will review a decision of a state court it must affirmatively appear from the record that the federal question was presented to the highest court of the State having jurisdiction and that its decision of the federal question was necessary to its determination of the cause. * * * And where the decision of the state court might have been either on a state ground or on a federal ground and the state ground is sufficient to sustain the judgment, the Court will not undertake to review it. * * * We adhere to those decisions. But it is likewise well settled that if the independent ground was not a substantial or sufficient one, 'it will be presumed that the State court based its judgment on the law raising the Federal question, and this court will then take jurisdiction.' * * * Thus in Maguire v. Tyler, 8 Wall. 650, 19 L.Ed. 320, and in Neilson v. Lagow, 12 How. 98, 110, 13 L.Ed. 909, it was contended that the judgments rested on adequate state grounds. In neither was there an opinion of the state court. The Court examined the record, found the state grounds not substantial or sufficient, and reversed the judgments on the federal question. We

tences were originally imposed. The Court granted the motion. On April 10. 1946, the petitioners, having been notified that the State would move for execution of the sentences, appeared with counsel and moved to restore the Minutes. On April 15, 1946, the Court heard petitioners' witnesses with respect to the Minutes, and permitted cross-examination of the witnesses it had heard on April 8, 1946. In an oral opinion, the Court denied the motion. A motion of the State for execution of the sentences was de-

ferred until after the co-indictees were tried. It then appeared that the petitioners failed to give the evidence at those trials which the State had expected, and as a consequence the State moved for verdicts of acquittal. Thereafter, on April 30, 1946, on motion of the State, the sentences against petitioners Adolph Eichenlaub, Samuel Baer, and Herman Frank, were ordered into operation, and on May 9, 1946, the same occurred with respect to Sam Frank.

think the principle of those cases is applicable here."

■ The problem of determining whether the federal question was resolved, or whether the decision of the state tribunal rested upon adequate non-federal grounds, becomes more difficult where the state court disposes of the controversy without an opinion. The Supreme Court, however, itself determines its jurisdiction, and that determination "must rest upon an examination of the record." Honeyman v. Hanan, 1937, 300 U.S. 14, 18, 57 S.Ct. 350, 352, 81 L.Ed. 476. And as the quotation from Williams v. Kaiser, above, discloses, the Supreme Court does not a fortiori assume jurisdiction; if it appears that a substantial and adequate state ground was an alternative basis for the result, the Supreme Court will not then hear the federal question. Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, supra. So, it appears in Townsend v. Burke, 68 S.Ct. 1252, where the Supreme Court noted that although the state court had disposed of the case without an opinion, an examination of the record revealed that the petitioner had based his claim solely on the alleged deprivation of federal constitutional rights, and no procedural or jurisdictional issues were raised at any time in the state court.

■ Even where the state court does write an opinion, the Supreme Court is often faced with a similar problem; and where the state court goes so far as to enter a certificate that a federal question had been raised and passed upon, the Supreme Court will not assume jurisdiction if, on examination of the record, it does not find that the federal question was necessary to the decision. Lynch v. New York, 1934, 293 U.S. 52, 55 S.Ct. 16, 79 L.Ed. 1913; Honeyman v. Hanan, supra; Southwestern Bell Telephone Co. v. Oklahoma, 1938, 303 U.S. 206, 58 S.Ct. 528, 82 L.Ed. 751; cf. Rice v. Olson, 1945, 324 U.S. 786, 791, 65 S.Ct. 989, 89 L.Ed. 637. In Loftus v. Illinois, 68 S.Ct. 1212, the Supreme Court of Illinois, on an original writ of error, disposed of the state questions involved, but not the federal questions: it therefore became pertinent to discover whether the remedy pursued was the appropriate vehicle for the determination of the latter, and the Court continued the case in order that it could be advised thereon.

■ The guiding rule is laid down in the oft-cited case of Lynch v. New York, supra, wherein it was said, 293 U.S. at page 54, 55 S.Ct. at page 17:

"It is essential to the jurisdiction of this Court in reviewing a decision of a court of a state that it must appear affirmatively from the record, not only that a federal question was presented for decision to the highest court of the state having jurisdiction, but that its decision of the federal question was necessary to the determination of the cause, *and that it was actually decided or that the judgment as rendered could not have been given without deciding it.*" (Emphasis supplied.)

The fact that the state court's opinion does not in haec verba refer to the federal constitution, properly raised, is not determinative. It is sufficient that the "decision of the federal question was necessary" and that "the judgment as rendered could not have been given without deciding it." Thus, in Malinski v. New York, 1945, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029, the Supreme Court entertained an application for certiorari, and disposed of the case on the merits, although it appears that in the state court, 1944, 292 N.Y. 360, 55 N.E.2d 353, the decision rested solely upon state law. And in Schlemmer v. Buffalo R. & P. R. Co., 1907, 205 U.S. 1, 11, 27 S.Ct. 407, 408, 51 L.Ed. 681, the Court said:

"We certainly do not mean to qualify or limit the rule that, for this court to entertain jurisdiction of a writ of error to a state court, it must appear affirmatively that the state court could not have reached its judgment without tacitly, if not expressly, deciding the Federal matter. * * * *But, on the other hand, if the question is duly raised and the judgment necessarily, or, by what appears, in fact involves such a decision, then this court will take jurisdiction, although the opinion below says nothing about it.*" (Emphasis supplied.)

See also cases cited in 84 L.Ed. 937–939.

Accordingly, in the instant case, the petitioners' assertion that the Court of Errors

and Appeals based its decision solely on non-federal grounds, and that the federal constitutional issues were not considered, would not, in view of the decisions cited, be determinative of the necessity for applying for certiorari unless it was also true that the federal questions were not requisite to the decision.

Reliance is placed upon the statement in the opinion of the Court of Errors and Appeals that "The appellants present for our determination the sole question, whether the Hudson County Court of Quarter Sessions had jurisdiction at the time it put into operation or execution the jail sentences previously imposed upon the appellants." 140 N.J.Eq. at page 573, 55 A.2d at page 249. But the very issue raised by the petitioners, and thoroughly presented to that Court, was whether the controverted jurisdiction existed in the County Court under the state law *and* the federal constitution. The federal and non-federal questions constituted the warp and woof of a single piece of cloth. Assuming, *arguendo*, that the petitioners had made out a valid case based on the federal constitution, it obviously would not suffice for the state court to establish jurisdiction in the County Court *solely* on the basis of the state law. To support its decision, the Court had to resolve the federal questions.

Moreover, it should be noted that in its statement of the question, the Court of Errors and Appeals did not narrow it to non-federal standing. On the contrary, it repeated the question in broad terms: "The appellants admit 'the lawfulness of the conviction and the sentences imposed on December 3, 1942.' The challenge is made as to 'whether the trial court had jurisdiction, power and authority to enter the order of April 8, 1946, correcting the records of their sentences and the orders of May 3d and 11th, 1946 (sic), ordering their commitment to jail.'" That statement manifestly encompasses both the federal and non-federal contentions of the petitioners.[2]

In any event, we do not find that there was a state reason for the Court of Errors and Appeals to refuse to consider the federal questions in the proceeding there had as, for example, in Parker v. Illinois, 1948, 333 U.S. 571, 68 S.Ct. 708. None of the parties herein suggests that, granting otherwise the availability of the writ of habeas corpus, the constitutional issues, for one reason or another, would not be passed upon by the state court. Actually, the New Jersey decisions indicate that the federal questions were properly presented for disposition: In re Davis, 1930, 107 N.J.Eq. 160, 152 A. 188; In re Caruso, 1944, 131 N.J.L. 505, 37 A.2d 277; cf. Ex parte Rose, 1939, 122 N.J.L. 507, 6 A.2d 388.

Finally, it is urged that there existed another state ground for the denial of the writ in the New Jersey courts, that is, that the remedy was unavailable. If that were so, of course, on the principles already discussed, there would have been no need for addressing the Supreme Court. In the state proceedings, the Respondent did assert that the writ was unavailable because the errors assigned did not go to the jurisdiction[3] of the Court of Quarter Sessions, and that there was available an adequate remedy known as the writ of error.[4]

The Court of Chancery, however, ex-

---

[2] And in the Court of Chancery, 139 N.J.Eq. at page 367, 51 A.2d at page 204, it was said: "The nub of the controversy concerns the right of the Judge of the Court of Quarter Sessions to change the official records of the court which read 'sentence suspended', after it had stood on the record as such for three years and four months, to read 'sentence postponed' and then put into operation the penitentiary sentences previously imposed."

[3] R.S. 2:82–13, N.J.S.A., provides:

"The following persons shall not be entitled to prosecute a writ of habeas corpus:

"(b) Persons committed or detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction * * *."

This statute has been construed to permit an application for writ of habeas corpus only where the errors alleged relate to the jurisdiction of the tribunal. In re Tremper, 1941, 129 N.J.Eq. 274, 19 A.2d 342.

[4] R.S. 2:195–1, N.J.S.A., provides:

"Writs of error in all criminal cases, not punishable with death, shall be writs of right and issue of course. * * *"

R.S. 2:195–3, N.J.S.A., provides:

"A writ of error shall not be granted

pressly found that the writ of habeas corpus was the appropriate remedy. The Court of Errors and Appeals deliberately by-passed the propriety of the use of the writ, stating:

"We have concluded that the order appealed from should be affirmed *for the reasons herein stated* but it is not to be inferred from the consideration we have given to the issues raised that the writ of habeas corpus was an available or proper remedy. *For the purposes of this cause and the main issues involved, our decision on that point is unnecessary.*" (Emphasis supplied.)

██ Thus, the decision was placed squarely on the consideration given by that Court to the merits of the controversy, and the procedural difficulties were put to one side to accord the petitioners the full benefit of the writ. That the Court cut through the adjectival doubts, and chose instead to enter a caveat that the case should not be treated as authority on the issue of the availability of the remedy, is a matter of no concern here, for "The scope of a habeas corpus proceeding (in a state court) in the circumstances disclosed is a state and not a federal question * * *." Herndon v. Lowry, 1937, 301 U.S. 242, 247, 57 S.Ct. 732, 734, 81 L.Ed. 1066.

██ It is our conclusion, therefore, that the petitioners have not exhausted their remedies, failing as they did to seek a review of the decision of the New Jersey Court of Errors and Appeals in the Supreme Court of the United States, and that they are not otherwise entitled to proceed in the federal courts at this time. In so holding, we are not unmindful of the recent declaration of policy contained in the case of Wade v. Mayo, 68 S.Ct. 1270. As explained there, it is not an inexorable rule that failure to seek certiorari will result in completely blocking off the federal possibilities for relief. But we do not find in this case such attending circumstances as should warrant a departure from the usual.[5] Petitioners were represented by able counsel in the state courts at all times pertinent hereto, and were there accorded a hearing on the merits. The decision of the highest court of the state was not cast in such terms as to make it likely that certiorari would have been denied because it appeared that adequate state grounds supported it. Rather that court clearly brushed aside the procedural arguments of the Respondent to devote itself to the merits, and the failure to apply for certiorari stemmed solely from the view held by the petitioners that where a state court does not expressly and in so many words refer to the federal question, the application for certiorari becomes unnecessary. That view is contrary to the explicit law of the subject.

For the reasons stated, the Order of the District Court will be affirmed.

---

or issued in any criminal case until final judgment has been rendered."

R.S. 2:195-4, N.J.S.A., provides:

"Whenever a defendant in a criminal case seeks to review the judgment entered on his conviction, he shall be entitled to sue out a writ of error to review such conviction after the imposition of sentence upon him, even though a suspended sentence be imposed upon him by the court."

R.S. 2:195-5, N.J.S.A., provides:

"No writ of error shall be brought or allowed on any judgment entered or obtained in a criminal case, unless brought and allowed within one year from the time of the rendition of the judgment * * *."

[5] On September 1, 1948, the new Title 28, U.S.C.A., becomes effective. Section 2254 provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The Reviser's Notes to this section explain: "This new section is declaratory of existing law as affirmed by the Supreme Court. (See Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L. Ed. 572.)"