## Commonwealth *v.* Carelli et al., Appellants.

*Criminal law—Robbery—Suspended sentence—Right to call for re-sentence—Subsequent term.*

A Court of Oyer and Terminer has the power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice, and in the meantime, may receive information in addition to that disclosed on the trial, in regard to what should be an appropriate sentence, under the circumstances, where the court has a discretion on the subject. The suspension of sentence is not, in Pennsylvania, a final judgment, nor is it equivalent to a nolle prosequi or discontinuance by which the case is put out of court, but is a mere suspending of active proceedings in the case, and the court may after the expiration of the term bring in the defendant and impose the sentence authorized by law.

Where the practice of an indefinite suspension of sentence is recognized, the right to later impose sentence remains with the trial court, and the time of its exercise is a matter for judicial discretion.

On the trial of an indictment for robbery and murder, the defendant was found guilty of murder and sentenced to death. Subsequently the sentence was commuted to life imprisonment, and later the defendant was arraigned and tried for robbery and found guilty. The Court suspended the sentence on the conviction of robbery. Later the Governor pardoned the defendant for murder and bench warrants were issued for his arrest to be held for sentence on the charges of robbery. Sentence was subsequently imposed on the latter counts.

*Held:* That the sentence of the court will be sustained.

Argued March 15, 1927. Appeals Nos. 149, 150, 151, 152, 153, 154, 155 and 156, April T., 1927, by defendant from judgment of O. & T. Allegheny County, November sessions, 1923, Nos. 186, 187, 210, 55, 118, 119, 120 and 121, in the case of Commonwealth of Pennsylvania v. Raymond Duggan et al. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for robbery. Before ROWAND, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty and sentence suspended and subsequently imposed, as recited in the opinion of the Superior Court.

*Charles F. Patterson*, and with him *M. A. Musmanno*, for appellant.

*Samuel H. Gardner*, for appellee.

OPINION BY PORTER, P. J., April 27, 1927:

These eight appeals present for determination but a single question, the one error assigned in each of the cases being similar to that in all the others, and may properly be disposed of by one opinion. Five of the indictments upon which the defendant was sentenced charged robbery and the other three charged larceny. The defendant and two other men with whom he was jointly indicted were tried upon an indictment which charged robbery and the trial resulted in a verdict, on April 14, 1925, of guilty as to all the defendants. The defendant, on the same day, entered pleas of nolle contendre in each of the other seven cases involved in these appeals. The court, on the same day, made the following order, as to this appellant, in each of the eight cases, viz: "Sentence suspended on payment of costs of prosecution by County as to Albert Carelli, by reason of sentence in No. 106, November Sessions, 1923." The record discloses that "No. 106, November Sessions, 1923," referred to that number of the Court of Oyer and Terminer of Allegheny County. Bench warrants were issued for this appellant and he was brought into the court below on October 21, 1926, whereupon the appellant, by his counsel, presented a written motion setting forth that the court had, on April 14, 1925, made the order (quoting the same) in each of the cases and that by reason of said order the court was "at present without power or jurisdiction to change ...... that order or sentence, or to sentence

418 COMMONWEALTH v. CARELLI et al., Appel.

Opinion of the Court. [90 Pa. Superior Ct.

said defendant, and therefore moves the court to discharge him." The court below in each of the cases, overruled this motion, granting an exception to the defendant, and sentenced the defendant. The refusal of the court to discharge the defendant, upon the ground stated in the motion, is assigned for error.

Did the court have power, after having made the above quoted order suspending sentence, to bring him in and impose sentence after the expiration of the term? It is here important to observe that the order suspending sentence did not discharge the defendant. No sentence was imposed on the defendant and the appeals do not, therefore, involve the question of the power of the court to impose part of the sentence authorized by law and subsequently, after the expiration of the term, impose an additional sentence, which it is conceded cannot be done: Commonwealth v. Mayloy, 57 Pa. 291. Whether the county could properly be required to pay the costs is a matter not material to consideration of the question here presented. The general authority of the court to suspend sentence and then, after the expiration of the term, bring in the defendant and impose sentence cannot be questioned. It was said by Chief Justice THOMPSON, in the opinion in the case above cited: "The court has power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice, and in the mean time, may receive information in addition to that disclosed on the trial, in regard to what should be an appropriate sentence, under the circumstances, where the court has a discretion on the subject." The suspension of sentence is not, in Pennsylvania, a final judgment, nor is it equivalent to a nolle prosequi or discontinuance by which the case is put out of court, but is a mere suspending of active proceedings in the case, and the court may after the expiration of the term bring in

the defendant and impose the sentence authorized by law; Commonwealth v. Dunleavy, 16 Pa. Superior Ct. 380; Commonwealth v. Hamel, 44 Pa. Superior Ct. 464. In Commonwealth ex rel. Wilhelm v. Morgan, 278 Pa. 397, it was said: "The right to temporarily defer sentence, while the court seeks information or the defendant applies for a pardon or for other sufficient reason, is universally recognized. The practice of an indefinite suspension of sentence has also long been in vogue in this and some other states, although in a majority of jurisdictions such right is denied, on the ground that an indefinite suspension of sentence amounts to a pardon, which only the executive can grant. ...... Where such practice [an indefinite suspension of sentence] is recognized the right to later impose sentence remains with the trial court, and the time of its exercise is a matter for judicial discretion; manifestly, however, it would be an abuse thereof to impose sentence after a great delay. Hence, under any view of the law, sentence must be imposed, if ever, within a reasonable time after conviction." It was further said that, (p. 398) "In our opinion every suspension of sentence since the effective date of the Act of May 1911, P. L. 1055, is subject to its provisions, without regard to the form of the order. In any event, sentence can be suspended only for a reasonable time, which, in conformity with the statute, we hold cannot extend beyond the maximum term of imprisonment, excluding therefrom the time spent on motion for a new trial, appeal, etc." That case, it is true, involved an offense which, under the Act of 1911, permitted the court to place the defendant on probation, but the order of the court below made in that case was a general suspension of sentence and did not purport to be made in the exercise of the power conferred by the Act of 1911. The language of the opinion of the Supreme Court in that case is, however, expressed in terms so broad as to cover all cases

of a suspension of sentence, whether the offense involved was or was not within the express provisions of the statute. We do not hold, however, that it would in all cases be proper for a court to suspend sentence for the many years during which a defendant might have been sentenced to imprisonment. Whether the sentence of a defendant, after sentence has been for a long time suspended, involves an abuse of discretion on the part of the trial court must be determined in the circumstances of each case.

The learned counsel for the appellant have in their brief and oral argument ably contended that as the order, of April 14, 1925, in these cases stated that the suspension of sentence was, "by reason of sentence in No. 106, November Sessions, 1923" of the Court of Oyer and Terminer of Allegheny County, the order should be held to be a final judgment, and thus end the proceeding. The record at No. 106, November Sessions, 1923 is not printed in the paper book, but it appears, and was admitted at the oral argument, that the offense charged in that indictment had no connection with those charged in the indictments with which we are here dealing. It is, however, proper for the trial court to suspend sentence to await the disposition of matters which do not appear in the record. Counsel for appellant state in their history of the case that the indictment at No. 106, November Sessions, 1923 charged the appellant with murder and that he was found guilty, in March, 1924, of murder in the first degree, and on June 24, 1924, sentenced to death; that on March 18, 1925, this death sentence was commuted to life imprisonment by the Governor, upon the recommendation of the Pardon Board; that on April 7, 1925, he was taken before the court below and there tried on the indictment charging robbery, and upon that indictment convicted, from the judgment on which verdict we have the appeal No. 155, April Term, 1927, and that he thereupon entered pleas of nolle contendre

in the other seven cases. It was under these circumstances that the court suspended the sentences in the cases with which we are now dealing. It thus appeared that the defendant was then imprisoned and that such imprisonment would be continued during his entire life unless he secured a pardon. It is further recited in the history of the case that, on September 25, 1925, the Governor, upon the recommendation of the Pardon Board "based upon their finding that Carelli was innocent of the crime of murder embraced in indictment No. 106, granted to him a complete pardon and he was discharged from the Western Penitentiary." The sentences were suspended because the defendant was then undergoing an imprisonment, but how long he might remain in prison, after the executive department had granted commutation of the sentence, was uncertain. We cannot assume that the defendant was not then endeavoring to obtain the very pardon which he did a few months later secure, he then alleging that he was not guilty of the offense for which he subsequently secured the pardon. Immediately upon the release of the defendant from the Western Penitentiary, on September 25, 1925, bench warrants were issued in the cases here pending, upon which sentence had been suspended. The defendant was arrested in the City of Cleveland, and requisition papers were promptly obtained for his return to Pennsylvania; the defendant obtained a writ of habeas corpus and contested the requisition proceedings through the Court of Common Pleas of Ohio, the Circuit Court and the Supreme Court of the State of Ohio, all of which decided against his contention, and he thereupon applied for leave to appeal to the Supreme Court of the United States, which application was refused, in October, 1926, thus delaying the imposition of sentence for over one year. We have no warrant for holding that, in these circumstances,

the suspension of sentence was a final judgment, nor that the court below was guilty of an abuse of discretion in sentencing the defendant after his return to Pennsylvania.

The judgments in the eight appeals, Nos. 149, 150, 151, 152, 153, 154, 155 and 156 April Term, 1927, are affirmed, and the records are remitted to the court below to the end that the several sentences be executed.