## Revocation of Physician's License

BARCO, Deputy Attorney General, January 17, 1940.—
You have submitted to this department on behalf of the State Board of Medical Education and Licensure a request to be advised whether the arrest and conviction of a physician in the Federal courts for a violation of the Federal laws governing the dispensing of narcotics, and the subsequent imposition of a sentence of one year and one day, which was suspended and defendant placed upon probation for a period of three years, together with the imposition of a fine of $500 to be paid within one year, constitutes such a conviction under the Act of June 3, 1911, P. L. 639, as amended May 24, 1917, P. L. 271, April 20, 1921, P. L. 158, June 14, 1923, P. L. 758, July 12, 1935, P. L. 703, and July 19, 1935, P. L. 1329, 63 PS §410, as to warrant your department in either suspending or revoking a practitioner's license under the provisions of said act.

From your letter of transmittal and the record of the hearing held before your board in the specific case of Dr. Pasquale Ferrari, it appears that he was convicted in the

United States District Court for the Western District of Pennsylvania, on various counts involving the unlawful sale and unlawful dispensing of narcotics.

Defendant received a sentence of a year and one day in the Federal prison, which sentence was immediately suspended and defendant placed on probation for three years. A fine of $500 was also imposed and defendant given a year within which to pay said fine. The question, therefore, is: Does this judgment of the court constitute a conviction.

Section 12 of the Medical Practice Act, as last amended by the Act of July 19, 1935, P. L. 1329, provides, inter alia, as follows:

"The Board of Medical Education and Licensure may, for a definite or indefinite time, refuse, revoke, or suspend the right to practice medicine and surgery in this State for any or all of the following reasons, to wit: The conviction in a state or Federal court of a crime involving moral turpitude, habitual intemperance in the use of ardent spirits or stimulants, narcotics, or any other substance, or any condition which impairs intellect and judgment to such an extent as to incapacitate for the performance of professional duties. . . ."■

As we stated in Informal Opinion No. 1028, the appellate courts of our State have held that the word "conviction" has both a popular and a technical meaning. A verdict of guilty or a plea of guilty is commonly considered a conviction but, in its strict legal meaning, a conviction is not complete until judgment is given on a plea or verdict of guilty.

In criminal cases, the sentence is a judgment. Until sentence there is no judgment and if sentence is sus-

pended, there is no judgment: Commonwealth v. Torr, 111 Pa. Superior Ct. 178, 180 (1933).

An order of court suspending sentence on condition of payment of costs is not, legally speaking, a sentence: Commonwealth v. Dunleavy, 16 Pa. Superior Ct. 380 (1901) ; Commonwealth v. Carelli et al., 90 Pa. Superior Ct. 416 (1927).

However, the present case presents a slightly different situation than an out-and-out suspension of sentence. The Federal court imposed the payment of a fine and directed that it be paid within one year. Since the case of Dr. Pasquale Ferrari arose out of a violation of the Federal law and was passed upon by the Federal court having jurisdiction, the question of whether the sentence imposed upon said physician constitutes a conviction must be determined by the decisions of the Federal courts relating thereto.

In the case of Scalia v. United States, 62 F. (2d) 220, 222 (1932), it was held that an order of the court suspending a sentence of imprisonment, releasing defendant on probation, imposing a fine without directing that the same be immediately paid into court by providing payment be made within a certain specified period of time, constitutes a suspension of the judgment. The court said as follows:

"We think the judgment of June 20, 1929, was suspended entirely by what was done; and, although the order of suspension referred only to that part of the judgment imposing imprisonment for a year and a day, the execution of the remaining part, the fine, was not then ordered paid forthwith into court but was to be paid to the probation officer. This was in itself a suspension of the judgment as to the fine and was authorized by the Probation Act. The provisions of section 1 of the Probation Act (18 USCA §724) in terms authorize the court to require a defendant, at the time he is placed on probation, to pay a fine which has been imposed on him to the probation officer (in one or several sums) during his probation, and

section 4 (18 USCA §727) provides that the probation officer 'shall keep accurate and complete accounts of all moneys collected from persons under his supervision; shall give receipts therefor, and shall make at least monthly returns thereof' to the court. The order directing the payment of the fine to the probation officer during the probation period was therefore also a suspension of the original sentence so far as it related to the fine."

In the same case the court, quoting from United States v. Murray, 275 U. S. 347, states as follows:

" 'The Probation Act gives power to grant probation to a convict after his conviction or after a plea of guilty, by suspending the imposition or suspending execution of the sentence.' "

There are no subsequent decisions in the Federal courts on this specific point and the Scalia case, quoted above, is referred to with approval although not necessarily involving the question before the court in the case of United States v. Moore, 101 F.(2d) 56.

It is clear, therefore, that under the facts of this case and the interpretation of the law by the Federal courts, the order of the United States District Court for the Western District of Pennsylvania was not a judgment and, therefore, not a conviction such as to justify the suspension or revocation of a license to practice medicine.

Of particular interest along this line of cases is the case of State Medical Board v. Rodgers, 190 Ark. 266, 79 S. W. (2d) 83, wherein it was held (syllabus) :

"Where physician had pleaded guilty to crime involving moral turpitude and had been sentenced, but at time hearing was held by State Medical Board to determine whether his license to practice medicine should be revoked, sentence had been suspended until later date, board *held* without authority to revoke physician's license since there had been no *'final judgment'* or *'conviction'* within meaning of statute empowering board to revoke license where a physician had been convicted of crime involving moral turpitude". (Italics supplied.)

It is our opinion, therefore, and you are accordingly advised, that where, as in the case of Dr. Pasquale Ferrari, a Federal court has made an order suspending the sentence and deferring the payment of a fine, this does not constitute a conviction such as would warrant the suspension or revocation of a license to practice medicine under the Medical Practice Act, supra.