Commonwealth ex rel. Billman *v.* Smith, Warden.

OPINION BY KELLER, P. J., April 30, 1943:

Petitioner, Edward Billman, was jointly indicted with one Stehlik in the Court of Oyer and Terminer of Philadelphia County, to No. 1183 September Sessions 1940, for burglary. He was tried on October 3, 1940 and found guilty and was sentenced the same day to separate and solitary confinement in the Eastern State Penitentiary for not less than two and a half years nor more than five years. Petitioner had a criminal record, and at the time of sentence, in reply to questions of the trial judge, he stated that he had been out of the penitentiary for about a year—since September 28, 1939—and still had five years "back time" to serve.

In sentencing him the trial judge said: *"Do your back time* and two and a half to five at the end of it."

Later in the day it developed that Billman, shortly before committing the burglary, had completed a maximum sentence of six years in the Eastern State Penitentiary, but soon thereafter had been placed on "probation", immediately following a sentence of five years in the Berks County Prison. Under the Act of June 19, 1911, P. L. 1055, sec. 10, as amended by Act of June 22, 1931, P. L. 862, as he was sentenced for burglary to a place of confinement other than the Berks County Prison, his sentence to the penitentiary had to begin at once. Accordingly, the next day, the court entered the following order: "October 4, 1940—Sentence as to Billman reconsidered in open court and held under advisement." A new term of court—October Sessions 1940—began on October 7, 1940. On October 11, 1940, the court *formally* vacated the sentence imposed on October 3, and imposed on him a sentence of not less than five years nor more than ten years imprisonment in the penitentiary, to begin as of October 3, 1940.

Petitioner claims that this was illegal, and that the sentence of two and a half to five years is the only valid sentence, and that he is now eligible for parole, having served the minimum sentence. This position would be correct if the action of the court on October 4, 1940, *reconsidering* the sentence and holding the matter of sentence under advisement—which took place during the September Sessions at which he was sentenced—did not amount to a vacation of the sentence; for it is well settled that a court cannot increase or add to a sentence after the term at which it was imposed.

We are of opinion, however, that the order of the court of October 4, 1940 was, in effect, a vacation of the sentence, and as it was entered during the term, it was within the power of the court to vacate it, and im-

pose a more severe sentence at the next term; and that the sentence imposed during the first few days of the next term was valid. The original error in sentencing him was the result of a misstatement by the prisoner as to his status when the burglary was committed. The subsequent entry of a *formal* order vacating the sentence was surplusage, as the order of October 4 had already set it aside.

The petition for writ of habeas corpus is denied.