## Commonwealth ex rel. Michelotti *v.* Ashe, Warden.

OPINION BY RHODES, P. J., January 8, 1948:

A similar petition by this relator was dismissed May 19, 1945, as being premature. The present petition is timely, since, if relator's contentions are sustained, he will have completed his minimum time of imprisonment on October 12, 1947.

In February, 1942, relator pleaded guilty to six separate bills of indictment in the Court of Oyer and Terminer of Allegheny County (No. 107, January Term, 1942, and Nos. 16, 17, 38, 39, and 40, February Term,

1942) each charging burglary and receiving stolen goods. Within the term, on February 5 and 19, 1942, the court imposed sentence upon each bill.

On February 26, 1942, within the same term, the sentences were revoked and vacated. After the term had expired, or on May 21, 1942, the court entered upon each bill an order suspending sentence. On October 19, 1943, relator pleaded guilty to another bill of indictment (No. 69, October Term, 1943) charging burglary and receiving stolen goods.

The court, on October 20, 1943, revoked the several orders suspending sentence. Thereupon, relator was sentenced upon bill No. 16, February Term, 1942, to imprisonment for not less than three nor more than six years in the Western State Penitentiary, effective as of October 12, 1943; upon bill No. 17, February Term, 1942, to imprisonment for a similar term to begin to be served at expiration of sentence upon bill No. 16; upon bill No. 107, January Term, 1942, to imprisonment for not less than four years nor more than eight years to begin to be served at the expiration of sentence upon bill No. 17; upon bills Nos. 38, 39, and 40, February Term, 1942, to imprisonment for not less than three years nor more than six years upon each bill, the same to run concurrently with sentence on bill No. 16; and upon bill No. 69, October Term, 1943, to imprisonment for not less than four years nor more than eight years in the Western State Penitentiary, the same to run concurrently with sentences on bills Nos. 16 and 17.

In his petition for writ of habeas corpus, relator averred that the sentences on bills No. 107, January Term, 1942, and Nos. 16, 17, 38, 39, and 40, February Term, 1942, were null and void.

We are of the opinion that the orders of the court revoking and vacating the original sentences having been made within the term were valid. *Com. ex rel. v. Murphy (No. 1)*, 45 Pa. Superior Ct. 185; *Com. v. Hottle*, 139 Pa. Superior Ct. 128, 11 A. 2d 524. Therefore,

the question presented is whether the court, by permitting the term to pass without further action, lost its power to sentence at a succeeding term.

It is true that our courts, upon a conviction in a criminal case, may remand the defendant for sentence either within the term at which the conviction was had, or at a later term. *Com. v. Dunleavy,* 16 Pa. Superior Ct. 380, 384; *Com. v. Carelli et al.,* 90 Pa. Superior Ct. 416, 418; *Com. v. Hamel,* 44 Pa. Superior Ct. 464, 467; *Com. ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 397, 123 A. 337. In *Com. v. Mayloy,* 57 Pa. 291, 300, our Supreme Court stated: "The court has power to remand and hold convicts for sentence as long as may be deemed necessary and advantageous to the ends of justice, and in the mean time, may receive information in addition to that disclosed on the trial, in regard to what should be an appropriate sentence, under the circumstances, where the court has a discretion on the subject."

: In a case where no sentence has been imposed during the term, an order of the court specifically remanding for sentence, or specifically suspending sentence to a later term, is not absolutely necessary. If, through inadvertence or oversight on the part of the court, sentence is not pronounced during the term at which the case is tried, the court may impose sentence at a subsequent term. 15 Am. Jur., Criminal Law, §487, p. 141; 3 A. L. R. 1003; 97 A. L. R. 802. This practice prevails in the criminal courts of this state.

It is well settled that, where a sentence is imposed during the term, the court is without power to alter the sentence, either by increasing or reducing the punishment imposed, after the expiration of the term at which the defendant was convicted. *Com. v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897. And, in the absence of an order suspending sentence or temporarily deferring action on specific counts of an indictment or on several bills of indictment to which defendant at the same time pleaded guilty or upon which during the term he

was convicted by a jury, a sentence on one count or on one bill exhausts the power of the court; and that power may not be revived at a later term. *Com. ex rel. Nagle v. Smith,* 154 Pa. Superior Ct. 392, 36 A. 2d 175; *Com. ex rel. Bernstein v. Burke,* 21 Misc. Docket No. 9 (Supreme Court, Sept. 30, 1947).

But, where no sentence has been imposed during the term, we are not concerned with the rule forbidding alteration of the sentence after the term. In *Com. v. Carelli et al.,* supra, 90 Pa. Superior Ct. 416, 418, we said: "Did the court have power, after having made the above quoted order suspending sentence, to bring him in and impose sentence after the expiration of the term? It is here important to observe that the order suspending sentence did not discharge the defendant. No sentence was imposed on the defendant and the appeals do not, therefore, involve the question of the power of the court to impose part of the sentence authorized by law and subsequently, after the expiration of the term, impose an additional sentence, which it is conceded cannot be done: Commonwealth v. Mayloy, 57 Pa. 291."

So, where an invalid or void sentence has been imposed, the defendant has never been legally sentenced, and proper sentence may be imposed at a later term. *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 198 A. 812.

In the present case, the sentences were revoked and vacated within the term; the court had power to so act and impose more severe sentences at a later term. *Com. ex rel. Billman v. Smith,* 152 Pa. Superior Ct. 325, 31 A. 2d 908. In the *Billman* case, the court, after imposing sentence, but within the term, entered the following order (p. 326) : "October 4, 1940—Sentence . . . reconsidered in open court and held under advisement." At the next term the court formally vacated the sentence and imposed a heavier sentence. We said, in an opinion by the late President Judge KELLER (152 Pa. Superior Ct. 325, 326, 31 A. 2d 908, 909), that: ". . . it is well

settled that a court cannot increase or add to a sentence after the term at which it was imposed. We are of opinion, however, that the order of the court of October 4, 1940, was, in effect, a vacation of the sentence, and as it was entered during the term, it was within the power of the court to vacate it, and impose a more severe sentence at the next term; and that the sentence imposed during the first few days of the next term was valid."

Under the circumstances, the sentences of which relator complains were valid.

Writ is refused.