## COMMONWEALTH OF PENNSYLVANIA ex rel. BILLMAN v. BURKE, Warden.

### No. 9562.

United States Court of Appeals
Third Circuit.

Argued April 22, 1948.

Decided Sept. 30, 1948.

Herman I. Pollock, of Philadelphia, Pa., for appellant.

Franklin E. Barr, of Philadelphia, Pa. (John E. Stevenson, Deputy Atty. Gen., T. McKeen Chidsey, Atty. Gen., and John H. Maurer, Dist. Atty., of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and FEE, District Judge.

KALODNER, Circuit Judge.

This appeal followed in due course[1] the denial of a petition for a writ of habeas corpus in the court below. D.C., 74 F. Supp. 846. The petition was prepared by the petitioner himself; in the wise exercise of his discretion, the learned District Judge permitted him to proceed in forma pauperis, assigned him able counsel who distilled from the petition the single federal question, and held a hearing at which the petitioner was present and testified.

The issue on the merits raised by this appeal is whether the petitioner was deprived of any constitutional rights under the Fourteenth Amendment at the time of his re-sentence in the state court by virtue of whose order of commitment the Commonwealth of Pennsylvania holds him in custody. A preliminary question, however, must be resolved, and that is whether, in the exercise of its jurisdiction in habeas corpus, a federal court ought to inquire into the merits.

On October 3, 1940, the petitioner was arraigned in the Court of Quarter Sessions of Philadelphia County upon an indictment charging him with receiving stolen property, to which he pleaded guilty, and with burglary, to which he pleaded not guilty. On the same day, no objection being made, he was tried for the latter offense, and convicted. Thereupon he was sentenced to an indeterminate term of not less than two and one-half years nor more than five years in the State penitentiary, to begin upon expiration of his violated "parole." Petitioner was then removed to the penitentiary. At these proceedings he was represented by counsel of his choice.[2]

On October 4, 1940, without prior notice to petitioner or his counsel, and without the presence of either, the Court of Quarter Sessions vacated his sentence and held it under advisement. On October 11, 1940, in the next term of court, and again without prior notice to petitioner or his counsel, the petitioner was brought from the penitentiary to the court. Thereupon, the jurist who had heard the case and imposed and vacated the sentence, in a proceeding lasting a few minutes re-sentenced the petitioner to an indeterminate term of not less than five and not more than ten years in the penitentiary. Petitioner's counsel was not present, nor did petitioner ask for counsel.

At the time the original sentence was imposed, the Court inquired of the peti-

---

[1] A certificate, of probable cause pursuant to 28 U.S.C.A. § 466, then effective, was signed by the trial judge. Revised Judicial Code, Title 28 U.S.C.A. § 2253 supplants that Section.

[2] Petitioner's counsel was a Voluntary Defender, whose aid the petitioner had enlisted in September, 1940. The court below was incorrect in its statement that the Court of Quarter Sessions had appointed the counsel.

tioner whether he had "back time".[3] In the presence of his counsel, petitioner replied that he had "five years". At the time of the re-sentencing proceedings, the Court explained that it had learned that the petitioner did not have "back time", and that in consequence thereof the sentence was being changed.[4]

The contention of the petitioner, on this statement of the facts, is that he was deprived of the effective assistance of his own counsel at an important stage of the proceedings against him. Specifically, it is asserted that although petitioner's trial counsel demurred to the burglary count and moved for a directed verdict, no motion for a new trial was made, nor was an appeal taken, because petitioner would not have benefited: he was sentenced to two and one-half to five years on the burglary count, whereas on the receiving stolen goods count alone, to which he pleaded guilty, he could have been sentenced to five years.

However, it is argued, that had the subsequently imposed longer term been fixed

---

[3] The following is explanatory:

In Pennsylvania, an "indeterminate" sentence must be imposed where a crime is punishable "by imprisonment in a State penitentiary"; the maximum of the sentence may not exceed the maximum penalty provided by the statute, and the minimum may not exceed one-half of the maximum imposed. 19 P.S. § 1057. Burglary is such a crime. 18 P.S. § 4901.

A crime for which one "shall be imprisoned", calls for "simple imprisonment" for which the legal place of confinement is the county jail. Commonwealth ex rel. Dennis v. Ashe, 161 Pa. Superior 540 (1947). In such instance, a "definite" sentence not exceeding the statutory maximum must be imposed, and an "indeterminate" sentence is improper. Commonwealth ex rel. Corkle v. Smith, 158 Pa. Superior 98 (1945). Receiving stolen property is such a crime. 18 P.S. § 4817. The sentences imposed upon the petitioner, therefore, were on the burglary conviction.

One serving a "definite" sentence may earn statutorily fixed "commutation" for good behavior. 61 P.S. § 271. Or, in certain instances, the courts of quarter sessions and of oyer and terminer are authorized to release on "parole".

But "commutation" and "parole" by the courts, are not available to one serving an "indeterminate" term. 19 P.S. § 1057. He is, however, eligible for "parole" by the Board of "Parole". 61 P.S. § 331.17. Such "parole" may not be obtained or granted before the expiration of the minimum sentence. 61 P.S. § 331.21.

There is a distinction between "probation" and "parole" with certain exceptions, one of which is burglary, the sentencing court may "suspend" sentence and release on "probation". 19 P.S. §§ 1051 and 1081. As already noted, "parole" is granted to one already serving his sentence, either by the Board of Parole or the courts, depending upon the nature of the crime and the punishment required.

The inquiry of the judge with respect to "back time" has a reason grounded on the law. One on parole who is presently sentenced to the penitentiary from which he is on parole, must complete the term for which he is on parole before commencing to serve the present sentence; if sentenced presently to a different penitentiary, the present sentence is served first. 61 P.S. § 305. However, if the presently convicted person is on probation, apparently it lies with the jurist who put him on probation to determine the effect of the breach of the conditions of the probation. See 19 P.S. § 1055.

In the instant case, Billman, shortly before committing the burglary, had completed a maximum term in the Eastern State Penitentiary (to which institution the present burglary sentence would have taken him) of six years, but soon thereafter had been placed on "probation" immediately following a sentence of five years in the Berks County Prison. Accordingly, under the statute applicable, the sentence imposed on October 3, 1940, to begin after expiration of violation of "parole", was erroneous and had to be changed. See Commonwealth ex rel. Billman v. Smith, 1943, 152 Pa.Super. 325, 326, 31 A.2d 908.

[4] At the time of re-sentencing, the Court specifically gave the reason for the increase: "Instead of giving two and a half to five, I am going to give you five to ten because I thought you had five years back time."

If the petitioner had five years of "back time" as he said, under the sentence imposed on October 3, 1940, his total minimum term would have been seven and one-half years. Under the sentence imposed on October 11, 1940, the total minimum required term was five years.

originally, petitioner "might very well" have sought a review of his conviction on the burglary count.[5]

It is not, however, contended that the petitioner's sentence was increased for any reason other than the misunderstanding with respect to "back time", or that petitioner was not on probation, hence would not have been required to complete a prior sentence before commencing service of the sentence for burglary.

Although the time for taking an appeal had not elapsed even at the time the Court of Quarter Sessions revised the sentence, 12 P.S. § 1136, petitioner waited until March 26, 1943, when, represented by counsel other than the attorney who participated in his trial, he presented a petition for a writ of habeas corpus to the Superior Court of Pennsylvania. That petition did not raise federal questions, but sought his release on the ground, purely local, that the Court of Quarter Sessions had sentenced him in the next term, and was therefore without jurisdiction. That petition was denied: 1943, 152 Pa.Super. 325, 31 A.2d 908.

In September, 1945, petitioner, this time without the aid of counsel, filed an application for a writ of habeas corpus in the Supreme Court of Pennsylvania. In this petition he definitely brought to the attention of that Court the facts on which the petition under review is based, and asserted that they amounted to a violation of his federal constitutional rights.[6] Original jurisdiction was accepted, but no hearing was held, and the following Opinion was filed:

"Petition refused. This Court cannot interfere with the amount of sentence imposed by the trial judge if within the maximum provided by law. Per Curiam. October 30, 1945."

---

[5] The argument is met by the Respondent's assertion that the sentence imposed on October 11th was more favorable to petitioner in view of the absence of "back time".

It also overlooks the differences between a "definite" and an "indefinite" sentence which may operate to make the former the more desirable. Thus, on a "definite" sentence, petitioner would have earlier opportunity for obtaining "parole"; moreover, under an "indefinite" sentence, the Board of Parole could require him to serve the full five year maximum imposed on October 3rd, whereas, had petitioner been given a "definite" sentence in the maximum for receiving stolen property, five years, the statute would automatically allow him eighteen months "commutation" for good behavior.

The argument also assumes that the Court would have imposed the maximum on the receiving stolen property count if reversed on the burglary count.

[6] The petition contained the following allegations:

"Fifth: That on the following day October 4th, 1940, the term of Court in which your petitioner was tried and sentenced expired. That on October 11, 1940, eight days after your petitioner had been sentenced and delivered to the Eastern State Penitentiary, your petitioner was returned from the Penitentiary to the Court. To receive an additional sentence on Bill #1183 of 2½ to 5 years more. This being done without your petitioner or his counsel being notified, hence no counsel to appear in his defense. Which the records will show on October 11th, 1940.

"Ninth: That if the sentence was vacated on October 4, 1940, your petitioner was not in Court, nor was he notified of this action that was taken, nor was his counsel notified. So that he could show the court that your petitioner did have 5 years parole from Berks County, and so defend your petitioner's rights, allowed him in both the State and United States Constitutions. That your petitioner is of a firm belief that the sentence was vacated after the term of Court had expired. Therefore, the date of October 4th, 1940, was later added.

"Eleventh: That petitioner's sentence as now in force and effect is illegal, unlawful, and a violation of the requirements of due process of law, and both the State and the United Constitutions. Article Six in the United States Constitution provides: (a) That all persons charged with an infamous crime are entitled to be confronted with the witnesses against him, and to have the assistance of counsel for his defense. Your petitioner did not see, hear, nor was confronted with the person that gave testimony in his absence to the court. Prejudicing the court to impose a more severe sentence. Nor was his counsel notified, or one appointed by the court in his place, to defend your petitioner when the court increased the sentence."

No application for writ of certiorari was made to the Supreme Court of the United States. However, on November 5, 1946, petitioner was paroled, but was returned to prison on February 5, 1947, where he still remains, for technical violation of the terms and conditions of his parole. On February 20, 1947, he filed the instant petition.

The court below concluded that the petition ought to be denied for the "basic reason" that the petitioner failed to exhaust his remedies by failing to seek review in the Supreme Court. Ex parte Hawk, 1944, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; Williams v. Kaiser, 1945, 323 U.S. 471, 477, 65 S.Ct. 363, 89 L.Ed. 398. This Court has already indicated that whether certiorari should be sought from the decision of the highest state tribunal depends upon whether a determination of the federal questions there raised was necessary to the decision reached; that is, whether the state grounds for the decision were adequate to support it, assuming the validity of the federal contentions. Application of Baer, 3 Cir., 169 F.2d 770.

■ The decision of the Supreme Court of Pennsylvania was, in effect, a rejection of the petitioner's contentions with respect to the federal questions involved, and a determination, in accordance with a settled principle of appellate review, that it could not interfere with the quantum of a sentence imposed by the trial judge in the exercise of his discretion, provided it was within the maximum provided by law. In our opinion, the Court "necessarily held that petitioner's allegations—even if proven in their entirety—would not entitle him to habeas corpus  *  *  *"  Smith v. O'Grady, 1941, 312 U.S. 329, 331, 61 S.Ct. 572, 85 L.Ed. 859. For the mere circumstance that the sentence was within the maximum would not be a sufficient justification if that sentence in fact was imposed under conditions constituting a violation of rights guaranteed by the federal constitution. Cf. Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252. Under the cases cited, therefore, unless there existed some adequate state reason for the denial of the writ, which was inherent in the state court's decision, it was incumbent upon the petitioner to seek a review of that decision in the federal Supreme Court, albeit the state court did not specifically refer to the federal constitution.[7] In re Baer, supra.

■ It is not suggested by either party in this case that there did exist such a reason for the alleged failure of the state court to "consider" petitioner's federal contentions. Indeed, in Pennsylvania, federal consitutional issues are properly raised in a petition for a writ of habeas corpus. Commonwealth ex rel. McGlinn v. Smith, 1942, 344 Pa. 41, 24 A.2d 1. That case, like the present, involved the exercise by the Pennsylvania Supreme Court of its original jurisdiction in habeas corpus. See also Commonwealth ex rel. Withers v. Ashe, 1944, 350 Pa. 493, 39 A.2d 610; Commonwealth ex rel. Grierson v. Ashe, 1945, 353 Pa. 1, 44 A.2d 239, certiorari denied, 1946, 327 U.S. 790, 66 S.Ct. 803, 90 L.Ed. 1017, decided in the Pennsylvania Supreme Court on the same day as petitioner's application; cf. Townsend v. Burke, supra; Gryger v. Burke, 1948, 334 U.S. 728, 68 S.Ct. 1256. Moreover, it has been held that "there are certain basic and fundamental errors which may be corrected on habeas corpus even though defendant failed to appeal from the judgment." Commonwealth ex rel. Penland v. Ashe, 1941, 341 Pa. 337, 341, 19 A.2d 464, 466, cited with approval in Commonwealth ex rel. McGlinn v. Smith, supra.

■ In the instant case, the court below found that the petitioner, who was about thirty-one years old at the time of the proceedings in the Court of Quarter Sessions, "was fully aware of his rights, had previous experience, and was not ignorant of the procedure in criminal courts". These findings, purely factual and based upon personal observation, are entitled to consideration on this appeal. Wade v. Mayo, 1948, 334 U.S. 672, 683, 684, 68 S.Ct. 1270. Although petitioner was not given prior notice of the re-sentencing proceeding, he knew his rights and recognized the effect of the new sentence, yet did not seek out his attorney. It is urged that had his counsel known of the change, an appeal would

---

[7] Were the case to arise presently, see Revised Judicial Code, Title 28 U.S.C.A. § 2254.

have been taken from the burglary conviction. But he was represented in the proceedings before the Pennsylvania Superior Court, and in the hearing in this case he has not explained his failure to raise the issues there which he contends for now, nor has he asserted the existence of facts which he has just discovered and of which he had no knowledge at that time. Cf. Price v. Johnston, 1948, 334 U.S. 266, 68 S.Ct. 1049. On the contrary, he has apparently abandoned the allegations, falsification of records and use of testimony taken in his absence in the Court of Quarter Sessions, which were made in the petition to the Pennsylvania Supreme Court, for there is neither proof thereof nor argument thereon here. And finally, as already noted, it is not contended that petitioner in fact had been on "parole" at the time of his first sentencing on the burglary charge, nor is it asserted that the Court of Quarter Sessions took into consideration at the time of the re-sentencing, any fact other than that it had been mistaken in the belief that petitioner had "back time" which under the state law would have to be served prior to the commencement of service of any term imposed on the burglary conviction.

In the face of these particular facts, we cannot say, under the view of Wade v. Mayo, supra, that there exists in this case a "miscarriage of justice" resulting from a failure to grant relief in the district court when weighed against the failure on the part of the petitioner to seek certiorari. Nor can we say that the court below committed "clear error" in the exercise of its discretion in this respect in denying relief for the "basic reason" that the petitioner had failed to exhaust his remedies.

For the reasons stated, the order of the court below will be affirmed.

JAMES ALGER FEE, District Judge (concurring).

The foregoing opinion is concurred in in all respects save one, which is, under the holding, immaterial but must be stated. The District Court made no finding of fact as required by the statute at that time in ef-fect, either separately or as a part of the opinion. 28 U.S.C.A. § 461.[1] We have no jurisdictional authority to try the cause de novo or to make any findings. In any event, I would not find the facts as stated on page 414 of 170 F.2d of the main opinion since they depend upon uncorroborated statements of petitioner unsupported by the record and in some respects contradicted thereby.

---

[1] Revised Judicial Code, 28 U.S.C.A. § 2243.