## UNITED STATES ex rel. KEENER v. FOUST, Keeper of Lancaster County Prison.

### No. 1290.

United States District Court
E. D. Pennsylvania.

June 22, 1949.

W. Hensel Brown, Lancaster, Pa., and James P. Coho, Lancaster, Pa., for petitioner.

William C. Storb, Lancaster, Pa., for respondent.

McGRANERY, District Judge.

A rule to show cause why a writ of habeas corpus should be issued was ordered in the instant case, upon the petition of Abram E. Keener. Petitioner alleged that he was indicted and found guilty in the Quarter Sessions Court of Lancaster County, Pennsylvania, of three offenses: involuntary manslaughter, operating a motor vehicle while under the influence of intoxicating liquor and failure to identify and failure to render assistance. On March 19, 1948, petitioner was sentenced to three months imprisonment and fifty dollars fine on the first offense, a fine of two hundred dollars on the second, and given a suspended sentence on the third. On June 4, 1948, with oral notice to his counsel, petitioner was recalled from prison and sentence was imposed again, as follows:

"On Indictment No. 6, March Term, 1948, charging the defendant, Abram E. Keener, with failure to identify and failure to render assistance, the Court suspended sentence thereon on March 19, 1948. Now, June 4, 1948, the Court sentences the defendant, Abram E. Keener, on said Indictment to pay a fine of $10.00 for the use of the State Highway Department and to undergo imprisonment. * * * for a period of 5 months beginning at the expiration of the sentence imposed by this Court on said defendant on March 19, 1948 for involuntary manslaughter. * * *"

Counsel for petitioner excepted to the sentence as illegal and unconstitutional. On June 21, 1948, the Superior Court of Pennsylvania granted a rule to show cause why a writ of habeas corpus should not issue, and a month later heard oral argument on the petition. In his petition, Keener did not specifically urge his constitutional objection, but pressed his contention that the sentencing procedure was an erroneous and illegal interpretation of Pennsylvania statutes 19 P.S. §§ 1051, 1081. On June 22, 1948, the Superior Court handed down an Order refusing the writ of habeas corpus. On August 11, 1948, petitioner filed with the Supreme Court of Pennsylvania a petition for allowance of an appeal from the judgment of the Superior Court, pressing the same contention he had urged below. On September 23, 1948, the Supreme Court of Pennsylvania dismissed the petition. On October 5, 1948, petitioner went back to the Superior Court and asked leave to file a petition for reargument. For the first time petitioner then specifically urged his contention that the sentencing procedure was a violation of federal constitutional rights guaranteed him by the Fourteenth Amendment. This was denied, and on a request to the Supreme Court of Pennsylvania for allowance of appeal from this order, the federal constitutional point was again raised. Allowance of appeal from the order refusing reargument was denied on November 18, 1948. Petitioner then came to this Court, seeking relief.

■ Chief Judge Kirkpatrick and I feel that the Court should deny the writ without considering the question on the merits for the reason that petitioner has not exhausted his state remedies. Thus, petitioner, at the time of his petition, must show that he has no other means of effective redress. It has been pointed out that "Federal habeas corpus will not issue where the petitioner may appeal from his conviction, or may petition for a state writ of error coram nobis or habeas corpus. Such petitions must be made to the proper state court and must pass through proper appellate channels within the state. Ex parte Hawk, 321 U.S. 114, 116 [64 S.Ct. 448, 88 L.Ed. 572]; Betts v. Brady, 316 U.S. 455, 461 [62 S.Ct. 1252, 86 L.Ed. 1595]; Sharpe v.

Buchanan, 317 U.S. 238 [63 S.Ct. 245, 87 L.Ed. 238]. These proceedings do not exhaust petitioner's remedies unless the precise point was considered in the light of the latest controlling decision. Ex parte Hawk, supra; Ex parte Williams, 317 U.S. 604 [63 S.Ct. 431, 87 L.Ed. 491]; Mackey v. Kaiser, 323 U.S. 683 [65 S.Ct. 558, 89 L.Ed. 554]; Stonebreaker v. Smyth, [4 Cir.], 163 F.2d 498." See Note, the Freedom Writ—The Expanding Use of Federal Habeas Corpus, 61 Harvard L.Rev. 657, 664.

Ex parte Hawk, supra, clearly indicates the strength of this principle. Petitioner in that case first sought habeas corpus in the lower Nebraska court. The denial of his petition was affirmed by the Nebraska Supreme Court, Hawk v. O'Grady, 137 Neb. 639, 290 N.W. 911, and the United States Supreme Court denied certiorari, 311 U.S. 645, 61 S.Ct. 11, 85 L.Ed. 412. Petitioner then went to the Federal District Court for Nebraska, alleging matters not previously brought to the attention of the state courts. His application was denied, and the denial was affirmed by the Circuit Court of Appeals, Hawk v. Olson, 8 Cir., 130 F.2d 910, on the ground that state remedies had not been exhausted. Certiorari to the United States Supreme Court was denied, 317 U.S. 697, 63 S.Ct. 435, 87 L.Ed. 557. Petitioner then sought habeas corpus in the Nebraska Supreme Court, which was denied. Accordingly, he sought to file a writ of habeas corpus in the Supreme Court of the United States. This was denied, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, without prejudice to his making an application to the Federal District Court. Petitioner then renewed his petition for habeas corpus in the Federal District Court for Nebraska and the Circuit Court of Appeals for the Eighth Circuit. When both of these were denied, 66 F.Supp. 195, 160 F.2d 807, he again applied in the Supreme Court of the United States for leave to file a petition for habeas corpus. After all these efforts, the Supreme Court said, at 321 U.S. 116, 64 S.Ct. 449, 88 L.Ed. 572:

"From our examination of the papers presented to us we cannot say that he is not entitled to a hearing on these contentions. * * * But, as was pointed out by

the District Court and Circuit Judge, petitioner has not yet shown that he has exhausted the remedies available to him in the state courts, and he is therefore not at this time entitled to relief in a federal court or by a federal judge.

"So far as appears, petitioner's present contentions have been presented to the state courts only in an application for habeas corpus filed in the Nebraska Supreme Court, which it denied without opinion. From other opinions of that court it appears that it does not usually entertain original petitions for habeas corpus, but remits the petitioner to an application to the appropriate district court of the state, from whose decision an appeal lies to the state Supreme Court * * *. From that court the cause may be brought here for review if an appropriate federal question is properly presented.

"Of this remedy in the state court petitioner has not availed himself. Moreover, Nebraska recognizes and employs the common law writ of error coram nobis which, in circumstances in which habeas corpus will not lie, may be issued by the trial court as a remedy for infringement of constitutional right of the defendant in the course of the trial * * *. Until that remedy has been sought without avail we cannot say that petitioner's state remedies have been exhausted."

[redacted] The policy of requiring exhaustion of state remedies is no longer a judicial declaration only; it has acquired, as well, the strength of a statutory command by the Congress of the United States. In Revised Title 28 of the United States Code Annotated, now in effect, section 2254 provides:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure, the question presented.* (Emphasis supplied.)

The case of Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, indicates that state procedure may be exhausted without applying for certiorari to the Supreme Court of the United States. There is nothing in the Wade case that in any way weakens the effect of the doctrine short of that point.

Applying this concept to the facts of the instant case, the Chief Judge and I think that petitioner has not yet exhausted his state remedies. The petition discloses that neither the Superior Court nor the Supreme Court of Pennsylvania has directly passed upon the federal question involved. It shows that petitioner's contention that the sentence imposed upon him violated his rights under the 14th Amendment was not clearly presented to the Superior Court on the petition for a writ of habeas corpus filed June 21, 1948. Nor was it clearly presented in the record before the Supreme Court of Pennsylvania on the petition for an allowance of appeal filed before it on August 11, 1948. When this was denied, petitioner, *for the first time specifically pressed his due process argument* in presenting a petition for reargument in the Superior Court on October 5, 1948. His petition, on November 5, 1948, in the Pennsylvania Supreme Court for allowance of an appeal from the order denying reargument specifically presented the due process objection for the first time in that court. Therefore, it is apparent that the contention pressed in this Court has been specifically presented to the Superior Court *only in a petition for reargument, after an appeal has been denied, and has been presented to the Pennsylvania Supreme Court only in a petition for allowance of an appeal from the order denying reargument.*

Both the Superior Court and the Supreme Court have original jurisdiction to issue writs of habeas corpus. See 17 P.S.

§§ 48 and 181. Accordingly, petitioner can present his federal constitutional argument on an original habeas corpus application in either court. It is certainly not impossible in Pennsylvania for a prisoner to make more than one application for the writ to the Superior Court. Cf. Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41, 60, 24 A.2d 1. Similarly, petitioner would not seem foreclosed from proceeding in the Supreme Court on an original writ on the sole reason that he had previously applied for a writ in the Superior Court. Cf. the situation in Commonwealth of Pennsylvania ex rel. Billman v. Burke, 170 F.2d 413, Third Circuit, opinion September 30, 1948. We do not feel that the federal constitutional issue has as yet been presented squarely to either court, and until it has been, we do not think it proper for a federal court to interfere. The constitutional issue is one which the Pennsylvania Supreme Court has "obligatory jurisdiction to review." See Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 188. If it has already done so, of course, a second writ in the Superior Court or a writ in the Pennsylvania Supreme Court may be denied. Cf. Commonwealth ex rel. Orlando v. Smith, 346 Pa. 42, 30 A.2d 534; Commonwealth ex rel. Penland v. Ashe, 341 Pa. 337, 19 A.2d 464. But on this record, we find it difficult to conclude that, in the words of the Wade case [334 U.S. 672, 68 S.Ct. 1274], "the highest state court has rendered a decision on the merits of the federal constitutional claim." Therefore, since the Chief Judge and I feel that petitioner still has the right under the law of Pennsylvania to raise in the state courts the question ·before this tribunal, we would deny the application for the writ on this ground.

However, the full Court is in complete agreement that petitioner's application should be denied, in any event, on another basis. Prior to Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647, upon which petitioner relies, there is little doubt that his failure to apply to the Supreme Court of the United States for certiorari would have been fatal to his application here for a writ of habeas corpus. In Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 450, 88 L.Ed. 572, the Supreme Court said,

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. * * *"
The doctrine was reiterated in White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 981, 89 L.Ed. 1348, where the Court said:

"Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision. * * *"
Petitioner's argument, as set forth in his brief, is that the Wade case completely changed the law so that there is now a free choice for one in his position either to seek certiorari in the Supreme Court or come directly to a federal district court. We cannot agree with this interpretation of the Wade case for two reasons: the language of the case itself and the interpretation of the case by the Court of Appeals for the Third Circuit.

The Wade case, which petitioner reads as completely reversing the law, is couched in carefully chosen language. It is submitted that the opinion holds no more than this: What was formerly considered to be an iron-clad rule is somewhat weakened—there can be situations where relief will be given even though petitioner failed to apply for certiorari. Thus, the majority opinion says, 334 U.S. at page 681, 68 S.Ct. at page 1275, 92 L.Ed. 1647:

"Where the matter is otherwise within the jurisdiction of the district court, it is within the discretion of that court to weigh the failure to seek certiorari against the miscarriage of justice that might result from a failure to grant relief. In short, we refuse to codify the failure to invoke the discretionary certiorari powers of this Court into an absolute denial of the dis-

trict court's power to entertain a habeas corpus application. * * *"

This is a far cry from giving petitioner a free choice of which forum to invoke. The Court makes this clear in another paragraph, when it discusses the choice open to an applicant:

"Considerations of prompt and orderly procedure in the federal courts will often dictate that direct review be sought first in this Court. And where a prisoner has neglected to seek that review, such failure may be a relevant consideration for a district court in determining whether to entertain a subsequent habeas corpus petition."

No such consideration would be relevant were the choice a free one, as petitioner contends.

Moreover, this interpretation of the Wade case is the one adopted by the Court of Appeals for this Circuit in two opinions handed down since the Wade case. In each, an order of the District Court denying an application for habeas corpus because the petitioner had failed to apply for certiorari was affirmed. In the Matter of Baer et al., 3 Cir., 169 F.2d 770; Commonwealth of Pennsylvania ex rel. Billman v. Burke, 3 Cir., 170 F.2d 413. In the former, the Court observed, 169 F.2d at page 775, that:

"It is our conclusion, therefore, that the petitioners have not exhausted their remedies, failing as they did to seek a review of the decision of the New Jersey Court of Errors and Appeals in the Supreme Court of the United States, and that they are not otherwise entitled to proceed in the federal courts at this time. In so holding, we are not unmindful of the recent declaration of policy contained in the case of Wade v. Mayo * * *. As explained there, it is not an inexorable rule that failure to seek certiorari will result in completely blocking off the federal possibilities for relief. *But we do not find in this case such attending circumstances as should warrant a departure from the usual."* (Emphasis supplied.)

If, then, there must be "attending circumstances" to "warrant a departure from the usual," as we feel there must, what are they in this case? Accepting petitioner's allegations as true, it is still apparent that he has been represented by counsel at every stage in the proceedings, including the time of the allegedly illegal sentence. The Circuit Court regarded the presence of counsel as an important factor in both cases referred to above. He does not allege that it was likely that certiorari would have been denied because the decision of the Pennsylvania Supreme Court rested upon an adequate state ground. The presence or absence of this factor was emphasized in the Wade case and in the Matter of Baer, supra. Petitioner was not, as in the Wade case, in a position where he could no longer either appeal from his conviction or apply for certiorari from the denial of habeas corpus. The last order of the Pennsylvania Supreme Court denying the allowance of appeal was entered on November 18, 1948, so that apparently petitioner even at the time of oral argument in this case could have applied for a writ of certiorari from the Supreme Court, with a very recent decision of that Court as a procedural example. Cf. Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. ——. It is apparent that petitioner is proceeding here with none of the unusual circumstances called for, but only from a conviction that the Wade case gives him the right to follow this procedure. A similar misconception of the law was not thought to excuse failure to apply for certiorari in the Matter of Baer, supra, 169 F.2d at page 775.

Accordingly, therefore, we feel that there is no need to proceed further with the petition. Accepting all of the factual allegations as true, it still does not appear that any of the unusual circumstances which we feel are required under the Wade case are present at all. An order will be entered dismissing the petition in accordance with this opinion.

GANEY, District Judge (concurring in part).

I join in the result here reached. However, I am not fully persuaded to the view that the federal constitutional issue was not presented upon the petitioner's application for re-argument in the Superior

944

Court and in the denial by the Supreme Court of the allowance of an appeal from the order denying re-argument. I prefer to rest my decision on the second ground set forth in the opinion that none of the unusual circumstances required under Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 here obtain and so I concur that the present application should be dismissed.

I am authorized to say that Judge Bard concurs in this opinion.