Commonwealth ex rel. Michelotti, Appellant, *v.* Maroney.

Submitted April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Marino Michelotti,* appellant, in propria persona.

*J. Leonard Solomon,* First Assistant District Attorney, with him *Richard P. Steward,* District Attorney, for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

Relator attempts by this habeas corpus proceeding to have set aside plea of guilty and sentence on bill of indictment charging burglary, larceny, and receiv-

ing stolen goods, in the Court of Oyer and Terminer of Beaver County.

Relator having entered plea of guilty to bill of indictment at No. 4, June Term, 1952, was sentenced on June 18, 1952, to a term of not less than ten years nor more than twenty years in the Western State Penitentiary to be computed from February 22, 1952. Upon entering his plea, relator was represented by counsel of his own choice.

After he was charged with said crimes on February 23, 1952, relator by his counsel instituted a habeas corpus proceeding, at No. 97, June Term, 1952, in the Court of Common Pleas of Beaver County. The court refused a writ of habeas corpus after hearing on April 2, 1952, and relator was held for court. Thereafter, relator escaped from jail but was subsequently apprehended.

On August 17, 1954, relator filed this petition for writ of habeas corpus in the Court of Common Pleas of Beaver County. He averred that there was a violation of due process in that statements were procured from another accused of crime for the purpose of convicting the relator, and that he had suffered the loss of liberty through the uncalculated inadvertence of counsel. Answers were filed by the warden of the Western State Penitentiary, and by the District Attorney of Beaver County. Hearing was held on relator's petition on September 3, 1954, at which relator was present with counsel, and at which relator and a number of witnesses testified, including his counsel at the time of the entry of his plea of guilty on bill No. 4, June Term, 1952. The court dismissed relator's petition on September 13, 1954, having found that "he entered said plea of guilty with full knowledge of the facts and without any threats or promises on the part of any one in the District Attorney's office or having

any connection with the Court, and after advice given to him by A. G. Helbling, Esq., his attorney, one of the most experienced and capable criminal defense attorneys at the Beaver County Bar, and the Court finding further as a fact that the relator is not a credible witness."

Relator has a long criminal record which was shown at the hearing on petition for writ of habeas corpus, and unquestionably he was well versed in criminal procedure[1] and fully aware of what he was doing in entering a plea of guilty, especially under the guidance and advice of his counsel. No reliance is to be placed upon relator's testimony which is contradictory of that of his counsel who testified that relator wished to enter a plea of guilty, and that he signed such plea to the several charges. His counsel also testified that relator did not enter his plea for the purpose of helping a co-defendant, Theodore J. Melensky, because, at Melensky's trial, relator refused to testify in his behalf. Relator fully discussed the entry of a guilty plea with his counsel. It is also significant that it was not until after relator had entered his plea of guilty that Melensky was tried, at which trial another co-defendant, Walter Green, testified that he, Melensky, and the relator committed the burglary. Obviously, Green's testimony had nothing to do with relator's plea of guilty which had been entered previously.

Relator, whose criminal experience dates back to 1932, cannot be unmindful of the seriousness of the allegations set forth in his brief that the police officers, the district attorney's office, and the court conspired to convict him, and that the assistant district

---

[1] See *Com. ex rel. Michelotti v. Ashe*, 162 Pa. Superior Ct. 18, 56 A. 2d 313; Rev. 359 Pa. 542, 59 A. 2d 891.

attorney and the judges of the Court of Common Pleas of Beaver County were guilty of perjury and subornation of perjury. Such scandalous, reckless, and baseless charges are condemned.

The brief of relator is stricken from the files of this Court, and the appeal is dismissed.